BASKERVILLE AND WHITFIELD v. EUGENE W. HARRIS.

1. PROMISSORY NOTES: ENDORSEMENT AFTER MATURITY: DUTY OF HOLDER TO MAKE DEMAND AND GIVE NOTICE WITHIN A REASONABLE TIME.—The holder of a promissory note endorsed after maturity is required, in order to fix the liability of the endorser, within a reasonable time, to make demand of payment of the maker, and, if not paid, to give notice to the endorser. When the facts are ascertained, the question of reasonable time is to be decided by the court.

2. SAME: WAIVER OF DEMAND AND NOTICE NOT BINDING UNLESS MADE WITH FULL KNOWLEDGE.—The waiver of demand and notice made by the endorser of a promissory note after the time of endorsement and maturity of the note, will operate as a promise to pay when made with full knowledge of the fact that demand and notice had not been given.

3. SAME: EVIDENCE: EFFECT OF VERBAL PROMISE TO WAIVE DEMAND AND NOTICE.—The endorser in blank of a promissory note undertakes to pay the same upon certain conditions which the law defines and annexes to his engagement, and it is not admissible to show by parol evidence a verbal promise to waive demand and notice made at the time of the endorsement.

ERROR to the Circuit Court of Lowndes county. Hon. H. W. Foote, judge.

The action was brought by defendant in error upon a promissory note made by one Lockhart on the 1st of January, 1862, and due one day after date, to Baskerville & Whitfield, and by them endorsed in blank to Harris on the 24th of June, 1862. The action was brought against Lockhart as maker, and Baskerville & Whitfield as endorsers.

Baskerville testified that the note was given for goods purchased by Lockhart in the years 1860 and 1861. That the note was endorsed in blank to Harris on the 24th of June, 1862. That the words " demand and notice waived " were written over the signature of Baskerville & Whitfield by witness in January, 1866, and at the request of the agent of Harris. That he did not know at the time whether or not demand had been made of Lockhart, and without knowledge of the fact that Harris had been guilty of any laches which in law discharged the endorsers, Baskerville & Whitfield.

George Harris testified that he purchased the note sued on as the agent of defendant in error for the purposes of a permanent investment, and so informed Baskerville. That it was agreed at the time the note was endorsed in blank by Baskerville & Whitfield, that they were to be liable for the payment of the same. That when witness went to Baskerville to get him to write the waiver of demand and notice over their signature, he made no objection, and nothing was said about making a demand of the maker. No demand was ever made of Lockhart before the commencement of this suit, and he was solvent when the note was endorsed. That Lockhart was a citizen of Lowndes county at the time of the transfer, that he was in the army during the war, and that witness had not seen him after the endorsement was made.

Baskerville & Whitfield asked the court to give the following charges which were refused.

The 1st charge will be found in the opinion of the court.

2d. If the jury believe, from the evidence, that the endorsers had been discharged by the failure of the holder to make demand of the maker, and to give notice to them, then the subsequent endorsement of waiver of notice and protest does not operate as such a promise as will bind the endorsers.

3rd. If the jury believe from the evidence, that the waiving of demand and notice in the subsequent endorsement upon the note sued on, was made by Baskerville & Whitfield without a knowledge of the fact, that previous demand had not been made upon the maker and notice given to endorsers, such endorsement is not sufficient to charge the endorsers if they had been previously released.

4th. If the jury believe from the evidence, that Baskerville & Whitfield, by their subsequent waving of demand and notice, made a new promise to pay the note sued for, such new promise requires a consideration to support it.

The jury returned a verdict against the maker and endorsers for the note and interest. A motion for a new trial made by the endorsers and overruled. The endorsers sue out this writ of error.

*R. Evans* for plaintiffs in error.

1. The object of the purchase of the note was to make a permanent investment. This shows that Harris intended to give credit alone to the maker, and not to look to the endorsers.

2. Harris testifies that "it was understood that Baskerville & Whitfield were to endorse, and be liable for the payment of the note." This is the liability of endorsers as fixed by the law, and it requires of the holder to make demand and give notice.

If the testimony creates any other agreement or contract than that which the law fixes, then it is not admissible, because it seeks to change and vary the contract of endorsement by parol.

3. If the endorsers had been discharged by the laches of the holder, a subsequent waiver of demand and notice is not sufficient to bind them unless made with full knowledge of the fact that they were discharged. Chitty on Bills, 538–9.

4. The waiver of demand and notice, the endorsers having been discharged, is a new contract, and void for want of consideration.

*Christian & Sykes* for defendant in error.

1. The endorsement of the waiver in the note some four years after it was transferred, must be considered either as evidence

of the previous agreement to make such an endorsement or in the light of a subsequent promise.

A subsequent promise, a part payment, or asking further time, or any other declaration or conduct by which the party plainly acknowledges his liability, with a knowledge that demand and notice had not been made, will make him responsible for the debt to the holder.

2. That when a note is endorsed after it is due, it is already dishonored as to the maker, and is taken on the credit of the endorser. *Brown* v. *Davies*, 3 Durnford & East, 82.

That it is a question for the jury, whether reasonable diligence has been used or not, and the local circumstances of the country ought to be taken into consideration in forming their decision. That a note endorsed after due, the rules with respect to due diligence are inapplicable. 1 Bay. S. C. 330; 3 Rich. 71; 1 ib. 397; 1 Bailey, 323; 1 Hill, S. C. 62.

That the character of the note in the question of diligence is one of great and controlling importance. A note payable one day after date, with interest from date, or on demand drawing interest, is presumed to be taken not with a view to immediate collection, but as a continuing security. 3 Hill, N. Y. 582; 4 Barn. & Cress. 325; 18 Conn. 360; 3 Wend. 78; Byles on Bills, 164.

When a note is made payable on demand, with interest from date, and endorsed after due, demand and notice is not necessary to hold the endorsers liable. 23 New York Reports, 28.

A different decision on this point of demand and notice to an endorser, where the endorsement is made after the note is due, has not been made by this court. In 2 S. & M. 151–163, the court went off on the question of notice alone; and whether any demand and notice is necessary where notes are payable on demand, or one day after date, with interest from date, is an open question in this State.

ELLETT, J., delivered the opinion of the court.

ERROR to the Circuit Court of Lowndes county.

We are of opinion that the following instruction asked by

the plaintiffs in error, (the defendants below), and refused by the court, ought to have been given, to wit:

If the jury believe from the evidence, that the note sued on was endorsed to the plaintiff in June, 1862, and that the plaintiff failed to make any demand of payment of Lockhart, the maker, from that time up to the year 1866; and shall further believe from the evidence, that the waiver of demand and notice was not written above said endorsement, until January, 1866, and that such waiver was then written by Baskerville & Whitfield without a knowledge of the facts of the laches of the plaintiff, said Baskerville & Whitfield are discharged, and the jury will so find in their verdict.

This instruction was pertinent to the facts proved, and contained a correct statement of the law. Upon the endorsement of the note after its maturity, without the waiver, it became the duty of the plaintiff, within a reasonable time, to make demand on the maker for payment, and, if not paid, to give notice to the endorser. The facts being ascertained, this reasonable time was a question of law for the court to decide. The subsequent endorsement of the waiver on the note, operated as a promise by the endorsers to pay, and such a promise will not be binding unless made with full knowledge of the fact that demand and due notice had not been given.

The verbal understanding at the time of the endorsement, that Baskerville & Whitfield were to endorse and be liable for the payment of the note, cannot have the effect to change the character and extent of the liability cast upon them by the law, in consequence of the endorsement. When a party endorses a note in blank, he undertakes to pay only on certain conditions, which the law defines and annexes to his engagement, and these are not liable to be modified or changed by parol evidence.

The third of the instructions refused is liable to the same observations as the first; the others appear to have been correctly refused.

The judgment will be reversed, and the cause remanded for a new trial.

Judge Harris did not sit in this case.