# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1876.

---

### W. A. POLLOCK *v.* THOMAS E. HELM ET AL.

1. LETTER OF CREDIT. *Parol evidence not admissible to explain as against one who advanced money thereon.*

   " DEAR MADAM, — Your favor of the 19th inst. just received. You are authorized to draw on Mr. N. G. Nye, for the sum of three hundred dollars, placed with Judge Nye for your account by M. W. Richardson. Any amount you may wish to draw on N. G. Nye we will pay you the money for it here, with usual exchange.

   " Very respectfully,    THOS. E. HELM, <i>Prest.</i>

   " Mrs. WILLIE G. WILLS, at home."

   *Held*, that this was a general letter of credit; that an action could be maintained against the bank, of which Helm was president, for failure to accept and pay a draft of $150, drawn upon Nye, care of the bank, by Mrs. Wills. in favor of one who advanced the money thereon; and that in said suit Helm could not testify that the letter was written as a matter of accommodation, to give Mrs. Wills information in response to an inquiry made by the bank at her request, and was not given or intended as a letter of credit, or as authority to Mrs. Wills to draw any bills or drafts; and that he could not show by the letters of Nye, written subsequently to the letter of credit, that Mrs. Wills did not have funds in Nye's hands to the amount of $300.

2. SAME. *Draft drawn by the usee connected with the letter. By what circumstances.*

   The vital element in the right of one who has put out his money on a bill drawn on the foregoing letter is that he acted on the faith of said

letter. If the testimony fails to show that the plaintiff so acted, *semble*, that a judgment for the defendant, in a suit on the bill, will not be reversed, notwithstanding the defendant was permitted on the trial to explain the letter so as to give it a meaning that its text did not admit of. But where the payee of the bill, which conformed to the directions of the letter of credit, had possession of the letter, set it out in his declaration *in his verbis*, and produced it on the trial, these circumstances so connect it with the bill sued on that such a judgment will be reversed, and the case remanded for a new trial.

ERROR to the Circuit Court of Hinds County.

Hon. GEORGE F. BROWN, Judge.

This action of assumpsit was brought by W. A. Pollock against Thomas E. Helm and John H. Odeneal, partners in banking, under their firm name of the Capitol State Bank, for failure to accept and pay the following bill of exchange : —

" $150.                    GREENVILLE, MISS., Oct. 17, 1871.

" Pay to the order of W. A. Pollock, one hundred and fifty dollars, value received, and charge the same to account of
                                        " WILLIE G. WILLS.
" To N. G. NYE, care of Capitol State Bank,
          " Jackson, Miss."

The declaration alleged that, by the name of Thomas E. Helm, President, the defendants wrote to Willie G. Wills a letter of credit (which is set out in full in the opinion of the court), and that the plaintiff, relying upon said letter and the representations made therein, cashed the aforesaid bill.

The defendants pleaded the general issue, with a notice that they would offer evidence to prove that the letter was not given or intended as a letter of credit, or as authority to Mrs. Wills to draw drafts on Nye, or as a guaranty or agreement to pay any such bill or draft; but that, Mrs. Wills having requested the bank to inquire of Nye what sum had been deposited with him by one M. W. Richardson for her, they, having received the information in a telegram from Yazoo City, wrote the letter to convey to her that information, as a matter of favor; and as she resided near Jackson, and desired to draw the money out of the Capitol State Bank, they wrote the letter further to inform her that they would

pay her such part of the fund in the hands of Nye as she might wish to receive at Jackson, upon her giving them drafts for the same, drawn at Jackson on Nye at Yazoo City, and allowing the usual exchange.

The remaining facts appear in the opinion of the court. From a judgment for the defendants the plaintiff prosecutes this writ of error.

*Nugent & McWillie*, for the plaintiff in error.

1. The letter to Mrs. Wills, signed " Thomas E. Helm, President," is, on its face, in legal contemplation, a letter of credit. Story on Bills, § 462 ; *Pillans* v. *Van Mierop*, 3 Burr. 1663 ; 2 Cowper, 571 ; 4 East, 393 ; 4 Camp. 393 ; 1 B. & P. 101 ; 3 B. & P. 149 ; 1 Vent. 318 ; 2 Raym. 302 ; *Russell* v. *Wiggin*, 2 Story C. C. 213 ; *Baring* v. *Lyman*, 1 Story C. C. 396 ; *Townsley* v. *Sumrall*, 2 Pet. 170 ; *Coolidge* v. *Payson*, 2 Wheat. 66 ; *Boyce* v. *Edwards*, 4 Pet. 111 ; 2 Parsons on Contracts, § 2 ; 8 Cushing, 156 ; 2 Story on Contracts, § 885 ; 17 Mass. 575 ; 3 Pick. 83 ; 8 Johns. 58 ; 13 Johns. 497 ; 11 Mass. 152 ; 45 N. Y. 332 ; 21 N. Y. 412 ; De Colyar on Guaranties, 22 ; *Mason* v. *Hunt*, 1 Doug. 297 ; *Walton* v. *Shelley*, 1 T. R. 296 ; *Drake* v. *Henly*, Walker (Miss.), 541.

2. Parol evidence was not admissible to impeach the original validity of the security. 1 Greenl. on Evid. § 385 ; Bayley on Bills, c. 12, pp. 499, 500 ; Chitty on Bills, c. 3, pp. 78, 79. The fact that Helm was mistaken in his estimate of the amount which Mrs. Wills had in the hands of Nye does not help the matter. De Colyar on Guaranties, 9.

3. The draft is sufficiently connected with the letter, by the circumstances of the case, as Pollock's possession of it, and its address.

*Potter & Green*, for the defendants in error.

1. The letter of information, addressed to Mrs. Wills herself, not authorizing any thing to be done, and disclosing no intent on the writer's part to make a contract, is not a letter of credit. It lacks every essential element. 3 N. Y. 214 ; 5 Hill, 642 ; 10 Ohio, 493.

2. Where, as in this case, the face of the letter leaves the intent doubtful, it is always competent to show it by parol evidence of the surrounding circumstances. *Stebbins* v. *Niles*,

25 Miss. 267; *Doe* v. *Bernard*, 7 S. & M. 323; *Dixon* v. *Cook*, 47 Miss. 225; *Lowry* v. *Adams*, 22 Vt. 165.

3. A new trial should not be granted, even if it was error to admit the parol testimony, because there was no proof that the draft was drawn on the letter. That is essential to recovery against the guarantor.

4. The learned counsel then reviewed the positions taken and authorities cited by opposing counsel, contending that the positions were not tenable and the authorities not in point.

SIMRALL, C. J., delivered the opinion of the court.

W. A. Pollock brought his action against Helm and Odeneal, bankers and brokers, doing business under the name of the Capitol State Bank, for failure to accept and pay a draft of $150, drawn by Mrs. Willie G. Wills in his favor, and upon which he advanced the money. The declaration avers that the defendants were under obligation to honor the draft, because of their letter of the following tenor, addressed to Mrs. Wills: —

"DEAR MADAM, — Your favor of the 19th inst. just received. You are authorized to draw on Mr. N. G. Nye for the sum of three hundred dollars, placed with Judge Nye for your account by M. W. Richardson. Any amount you may wish to draw on N. G. Nye we will pay you the money for it here, with usual exchange.

"Very respectfully,

"THOS. E. HELM, *Prest.*

"Mrs. WILLIE G. WILLS, at home."

On the trial of the case (before the judge alone, the jury being dispensed with), the defendants were permitted by the testimony of Mr. Helm, against the plaintiff's objection, to prove not merely the circumstances attending the issuance of the letter, to aid in its interpretation, but that it was not given or intended to be a letter of credit, nor as authority to Mrs. Wills to draw any bill or draft, &c.; but was written to give Mrs. Wills information received from Mr. Nye, in response to an inquiry which the defendants had made at her request; and that it was a mere matter of accommodation, and was not intended by Mrs. Wills and the defendants, at the time, to be any thing more than matter of information.

The witness was also permitted to prove by the letters of Judge Nye, written subsequently to the letter of credit, that Mrs. Wills did not have funds in his hands to the amount of $300.

A letter of credit is a paper well understood in the business and commercial world. If addressed to a particular person, who advances goods or money upon it in accordance with its tenor, then the letter becomes an available promise in favor of the person making the advance. The question has been agitated, especially in the English courts, whether, if the letter is a general one, not addressed to a particular person, it becomes, as it were, a floating contract, designed to circulate as a sort of negotiable contract, for the benefit of any one, who will act upon it and advance money or goods; or whether the remedy is confined exclusively to the original parties, — the writer of the letter, and the party for whose use it was given. In this country, it has become settled law that such general letter, when acted upon and advances have been made in accordance with it, creates a contract between the party loaning money, credit, or property, and the writer of the letter, which will be the subject of direct suit and remedy. If the engagement be to accept and pay bills of exchange, the party to whom such bills are negotiated, and who cashes them on the faith of such letter, if he cannot treat the promise of the writer of the letter as an acceptance of the bills, may regard it as a promise direct to himself to accept and pay, and upon which he may maintain an action.

A general letter of credit is, on the part of the writer, a proposal to come under certain obligations with any person who will deal with the party for whose use it is given. It is intended to be shown and offered to one and another; and, whenever it is accepted and advances are made on its faith, there springs up at once a direct privity between the writer and him who advances, so that the former is bound to the latter to comply with its terms or answer in damages. *Russell* v. *Wiggin*, 2 Story C. C. 213; *Adams* v. *Jones*, 12 Pet. 207, 212; Story on Bills, § 462. When the letter is addressed to all persons, it is an open proposal to everybody to accept and act on the proposal; and when an individual does accept the

offer, and parts with money or property in accordance with its tenor, there is a *consensio mentium* and a direct contract between these parties. *Birckhead* v. *Brown*, 5 Hill, 634, 642 ; *Watson* v. *McLaren*, 19 Wend. 557 ; s. c. 26 Wend. 425. The advances are made on the credit of the writer of the letter, and not of him for whose use it was given. 'Any one to whom such letter might be shown in the course of business, as the predicate of a transaction, would infer, and would be justified in the belief, that the writer had agreed to be bound for the usee of it, either for his accommodation or because he was indemnified by effects in hand, or upon some good consideration, and would not entertain the thought that it was incumbent on him to inquire into the state of dealings between the writer and the usee of the letter, for the purpose of learning whether there was any contingency about it, or whether any change of circumstances between the date of the letter and the advances under it would affect the liability of the writer. *Russell* v. *Wiggin, ubi supra.*

Is the letter of Mr. Helm, president of the Capitol State Bank, a general letter of credit within the purview of these authorities ? The fair import is, You, Mrs. Wills, have authority to draw on N. G. Nye for $300. For any part of this sum you may wish to draw for on Mr. Nye, we will pay you the money for it here. It is as if he had said, Wherever you may be, and to whatever banker or capitalist you may show this, we agree, if any party will buy a bill or bills drawn on Mr. Nye, we will pay it or them, at our bank, to the extent of $300. The proposal is without contingency or condition. The only inquiry that would be made is, whether Helm and Odeneal are solvent and in good credit. If satisfied on that point, a party advancing money to Mrs. Wills would take the bill without regard to her solvency, even if she were known to be insolvent.

It does not differ at all from the case of a drawee assuring the payee that he will accept and pay the drawer's bill or bills, in his favor, for $300. If that answer were returned to a verbal inquiry, it would not be controverted that the drawee would be bound by it. Nor is this letter distinguishable from that where a party writes to a banker to know

whether he will pay a bill for $150, which W. offers to sell him, and the banker replies that he will. In such case, the banker will not be relieved by proof that after the answer had been given the circumstances had entirely changed, and that the fund to which he looked for reimbursement had been exhausted.

There is no foundation for the suggestion of counsel that there was no consideration for the promise in the defendants' letter, which was accepted and relied on by Pollock. There was a benefit conferred upon Mrs. Wills by giving her credit to obtain the money at any place that suited her convenience; and this advantage to her is a sufficient consideration. It is just as good if the benefit inures to a third person interested in the subject-matter as if it accrues to the promisor, as the promise of A. to pay B.'s debt to C. if he will forbear to sue, and the promise of a party who undertakes as surety for another. *Russell* v. *Wiggin, ubi supra,* per Story, J., *arguendo.*

Pollock is not remitted, for the consideration of the defendants' promise in the letter of credit, to the motives, inducements and dealings between them and Mrs. Wills; with that he has no privity or connection. And though it were true (and we doubt not that Mr. Helm gave a correct version of the affair) that the defendants intended to do Mrs. Wills a kindness and accommodate her, yet a party who has advanced money under their letter is affected by none of those things. Mrs. Wills might not be able to sustain an action against Helm and Odeneal on the facts deposed to by Mr. Helm; but Pollock occupies a different position, and his rights are to be measured by the fair meaning of the writing on the credit of which he acted. It is not admissible, by verbal testimony, to give to a written contract an import different from the plain and ordinary meaning of its words. Especially ought this rule to apply where the paper is of the nature of a commercial negotiable instrument, to be read, construed and acted upon by strangers, who have no other means of learning its terms and scope except the language which the subscriber uses.

We do not think that § 2228, Code 1871, extends to a case like this. Pollock does not stand in the relation of an assignee or indorsee of a bill, bond or note; but, as we have attempted

to show, is a party direct in the contract with the defendants, which is not controlled or affected by the equities existing between the defendants and Mrs. Wills.

We are of opinion, for these reasons, that the circuit judge should not have received the testimony of Mr. Helm, explaining the letter of credit, and giving to it a meaning which its text did not admit of; nor should he have allowed testimony as to circumstances occurring after the letter was issued, tending to show that Mrs. Wills did not have money in the hands of Nye at all, or equal in amount to the bill.

We have had some difficulty on the point made by the counsel for the defendants in error, whether the judgment should not stand, although this testimony ought to have been excluded. The very pith and marrow of the plaintiff's right to recover is, that he was induced to put out his money on Mrs. Wills' bill, on the faith of the defendants' letter of credit; and it does not appear by direct evidence that the letter was shown to Pollock, or its contents reported to him. The testimony on this point is not direct and positive, or fully satisfactory. There are two circumstances, however, from which it may be deduced that Pollock bought the bill on the faith of the letter. The first is, that he had possession of it, set it out in his declaration *in his verbis,* and produced it on the trial. The other is, that the bill is directed to N. G. Nye, care of Capitol State Bank at Jackson, thus connecting itself with, and conforming to, the directions of the letter.

*For the error indicated the judgment is reversed, and the cause remanded for a new trial.*