Love, Superintendent of Banks, v. Dakin.*

(Division A.　May 23, 1927.)

[112 So. 795.　No. 26429.]

1. Bills and Notes. *Accommodation maker held not liable, where payee received proceeds of cotton belonging to accommodated party to pay note in accordance with agreement.*

Accommodation maker *held* not liable on note, where, at time of its execution, payee agreed that proceeds of cotton crop raised by accommodated party and coming into hands of payee would be applied as credit thereon, and it was shown not only that proceeds of cotton sufficient to take up note came into hands of payee, but also that payee and accommodated party undertook to carry out agreement by stating that note was paid, since assurance that note was paid by application of such proceeds constituted payment thereof.

2. BILLS AND NOTES. *Payee's assurance to beneficiary and accommodation maker that proceeds of cotton were applied to payment of note constituted "payment" thereof.*

Where note was executed by accommodation maker under agreement that proceeds of cotton belonging to beneficiary would be applied to payment, payee's assurance to beneficiary that proceeds were so applied, and to maker that note was paid, constituted payment thereof.

3. BILLS AND NOTES. *Agreement at time of executing accommodation note for payment from proceeds of beneficiary's cotton held competent.*

Agreement, at time of execution of accommodation note, that payee would apply proceeds of beneficiary's cotton to payment thereof *held* competent, as showing consideration for note and explanation of payment by payee's subsequent assurance that proceeds were applied for such purpose.

---

*Corpus Juris-Cyc. References: Bills and Notes, 8CJ, p. 568, n. 39 New; p. 574, n. 91; p. 1024, n. 74; p. 1041, n. 34; Evidence, 22CJ, p. 1070, n. 34; p. 1157, n. 53; p. 1160, n. 60; p. 1164, n. 74; p. 1165, n. 77; p. 1213, n. 59; p. 1215, n. 65; p. 1220, n. 99.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Suit by J. S. Love, Superintendent of Banks, against Mrs. Maggie L. Dakin. Judgment for defendant, and plaintiff appeals. Affirmed.

*Flowers, Brown & Hester,* for appellant.

The exact question presented in this case is: Can the maker of a promissory note avoid liability thereon by showing a parol agreement made contemporaneously with

the execution thereof by which it was understood that the note was not to be the obligation of the maker but of another whose name does not appear on the instrument. The authorities in this state and elsewhere answer this question in the negative. *Wren* v. *Hoffman,* 41 Miss. 616; *Pollock* v. *Holm,* 54 Miss. 1, 28 Am. Rep. 342; *Baskerville & Whitfield* v. *Harris,* 41 Miss. 535; *Heaverin* v. *Donnell,* 7 S. & M. 244; *Hawkins* v. *Shields,* 100 Miss. 739, 57 So. 4; *Earle* v. *Enos,* 130 Fed. 467; *Penn. Safe Deposit Co.* v. *Kennedy,* 175 Pa. 164, 34 Atl. 660; *Gillespie* v. *Campbell,* 5 L. R. A. 698; *United States Bank* v. *Dunn,* 31 U. S. 51, 8 L. Ed. 316; *Specht* v. *Howard,* 83 U. S. 564, 21 L. Ed. 348; *Brown* v. *Spoffard,* 95 U. S. 481, 24 L. Ed. 508; *Forsyth* v. *Kimball,* 91 U. S. 291, 23 L. Ed. 352; *Colbert* v. *First National Bank of Ardmore,* 133 Pac. 206, 38 Okla., 391; *Guthrie & Western Railroad Co.* v. *Rhodes,* 19 Okl. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490; *McNinch* v. *Northwest Thresher Co.,* 23 Okl. 386, 100 Pac. 524, 138 Am. St. Rep. 803; *Holmes* v. *Evans,* 29 Okl. 373, 118 Pac. 144; *Hercules Buggy Co.* v. *Hinde,* 33 Okl. 85, 124 Pac. 27.

We submit that the cases cited are decisive of the question at issue in this case. The substance of the holdings of all the cases cited is, that a promissory note means what it says and a different meaning from that shown cannot be set up by parol proof.

In conclusion, we wish to state that there is nothing in appellee's situation to entitle her to sympathy from the court or any one else, should she be required to pay the note sued on. She signed the note at the instance of her husband, to assist the officer of the Bank of Commerce and Asa Moss, the party accommodated, in evading the law. She was advised by them that Moss had already borrowed from the bank all the money it was permitted to lend him. Our legislature, because of the knowledge and experience possessed by its members concerning the operation of banks, thought it wise to place a limit upon the amount of money that a bank might lend to any one

individual. Appellee knew this was law and was advised that it was the purpose of Moss and the officer of the bank to evade it by having her sign the note sued on and allow Moss to receive the proceeds thereof.

*Clark, Roberts & Hallam,* for appellee.

It is not the contention of the appellee and it has never been her contention that she would never be requested to pay the note in question, nor was it her contention that no liability attached when she executed the note, but it is her contention that the note was executed in good faith by her for the purpose of lending her credit to Asa Moss and it is further contended by her that at the time of the execution of said note and as a consideration for her execution of said note it was agreed that the note was to be paid out of the first cotton sold after the payment of rents on the lands operated by the said Asa Moss. This agreement was made by the President of the bank and appellee, and the said Asa Moss. Appellee does not contend that if there had been no proceeds received from the sale of the cotton after the payment of the rents that she would not have been liable on the note, but she does contend that when the money from the proceeds of the cotton was paid, it was the duty of the officials of the bank to apply the money so received from the Association from the sale of Moss' cotton to the payment of the note in question.

The evidence is very clear that sufficient funds were received by the bank from the proceeds of the sale of Asa Moss' cotton through the association not only to provide for the payment of the rents, but sufficient to pay the note in question and to apply a considerable sum toward the payment of other notes executed by the said Asa Moss to the bank.

Under the facts in the present case a payment has been made even though the records of the bank do not show it and even though the note was in the possession of the

bank when it was taken over by the superintendent of banks for liquidation. *Alpena National Bank* v. *Greenbaum*, 74 Mich. 157, 41 N. W. 885.

Appellee contends that it was perfectly legal for her to make an agreement with the President of the Bank of Commerce for a means or method of discharging the obligation in a manner different from that set forth in the note and this contention is supported by *Certain* v. *Smith*, 53 Ind. App. 163, 101 N. E. 319.

We think that the conclusion of appellant's brief is certainly an unfair statement, where appellant says that the ''appellee signed the note at the instance of her husband to assist the officials of the Bank of Commerce and Asa Moss, the party accommodated, in evading the law.'' As a matter of fact the appellee lent her credit to Moss and assumed a liability which she was under no obligation to assume and for which the testimony shows she did not get one cent in order that the law might be complied with instead of evading the law.

The appellee contends that the authority cited by appellant referring to parol evidence to vary the terms of written instruments are not applicable in this case. *Coke* v. *Blackbourn*, 57 Miss. 691, says: ''It is always allowable to show that the instrument sued on never was valid, either for fraud or illegality, or want of consideration, or for failure of some condition on which the instrument was to take effect; or that having been valid, from something occurring subsequently, it has ceased to be operative wholly or partially.''

McGowen, J., delivered the opinion of the court.

J. S. Love, superintendent of banks, as the officer in charge of the Bank of Commerce of Boyle, Miss., filed his declaration against Mrs. Maggie L. Dakin, based upon a promissory note for seven hundred fifty dollars, dated July 1, 1925, and demanded judgment for the amount of the note, interest, attorney's fees, and costs. To this

declaration the defendant, Mrs. Dakin, pleaded the general issue, and also gave notice under the general issue to the effect that she would show, on the trial, that she executed the note in question as an accommodation maker for the purpose of lending her credit to Asa Moss, who was dealing with, and indebted to, the Bank of Commerce at that time; that the note in question was executed with the understanding and agreement made by C. E. Young, then the active officer in charge of said bank, that, from the proceeds of the cotton crop raised by Moss and turned over to the Bank of Commerce, the proceeds from the first cotton received should be applied to the payment of the note; that all the proceeds of the cotton crop, in sufficient amount to discharge this note, were received by the bank during the fall of 1925; and Mrs. Dakin was assured that the bank had carried out its agreement, and that her note had been paid. To this plea the plaintiff filed a replication of denial.

The proof in the case shows that Young, representing the bank, accompanied by Moss, who desired credit, visited Mrs. Dakin on July 1st, and told her that it was necessary that Moss should have an additional credit of seven hundred fifty dollars; that, if she would execute her note for that amount, the bank would receive the proceeds of the cotton turned over by Moss to the cotton cooperative association, and that the proceeds of the first check would be applied to the payment of this note; that Moss had to have money to finish his crop; that, under the banking laws, they could not advance him any more money. Moss was present, and also made an appeal for help. About the time the cotton began to be sold, Mrs. Dakin, her husband, and Moss, at different times, called on officials of the bank, and were all assured by said bank that the note had been paid, and would be mailed to Mrs. Dakin. There is absolutely no dispute of these facts in the record. Afterwards the bank went into liquidation and the banking department found this note among the

assets of the bank and brought this suit. The court below gave a peremptory instruction for the plaintiff.

The precise question presented for decision is: Are the facts set out in the plea and proof indisputable in the case competent to overturn the written contract, the note which is the basis of this suit? Counsel for appellant thus puts the question presented for decision: Can the maker of the note ''avoid liability thereon by showing the parol agreement made contemporaneously with the execution thereof by which it was understood that the note was not to be the obligation of the maker, but another whose name does not appear on the instrument?''

If that were the question, it would be easy of solution, and would be answered in the negative, but, in this case, the proof shows that the proceeds of cotton coming into the hands of payee were to be applied as a credit thereon; otherwise, the maker of the note was liable. The proceeds of cotton did come into the hands of payee, and not only that, but the payee, and the man for whose benefit the note was executed, undertook to carry out the agreement by stating that the note was paid and would be mailed to the maker.

Counsel for appellee cite *Wren* v. *Hoffman,* 41 Miss. 616; *Pollock* v. *Helm,* 54 Miss. 1, 28 Am. Rep. 342; *Baskerville et al.* v. *Harris,* 41 Miss. 535; *Heaverin* v. *Donnell,* 7 Smedes & M. 244, 45 Am. Dec. 302; *Hawkins* v. *Shields,* 100 Miss. 739, 57 So. 4, 4 A. L. R. 760—all of which announce the elementary proposition that parol evidence is not admissible to contradict or vary the terms of a written instrument, and to which principle we adhere. But, when the payee of a note, as in the instant case, told the maker of the note, in pursuance of this agreement, ''it [the note] has been paid, and is in the mail for you now,'' this oral agreement becomes pertinent and part of the consideration of the note. Moss, the beneficiary, went to the bank to insist upon the application of the proceeds of the cotton and was assured by the bank that such proceeds had been so applied, and the

maker of the note was likewise assured that the note was paid; hence this constituted payment of the note, and the agreement to apply certain collateral to payment of the note was competent as showing the consideration for the note and explanation of the payment of the note. Mrs. Dakin recognized her liability by going to the bank, and by having her husband and agent go to the bank, and insist on the application of the proceeds of the cotton, is not a denial of liability, but an effort to pay. There is nothing in the proof that shows she contended, at the date she executed the note, that she did not assume full liability therefor. In the case of *Meyer* v. *Casey,* 57 Miss. 617, this court said:

"It is not admissible to vary by parol the terms of a valid written instrument. If it has a valid existence, it must stand as the sole expositor of the terms of the contract it evidences; but it is allowable to show by parol that the writing never had validity, or, that having had a legal existence, *it has for some reason ceased to be operative.*" (Italics ours.)

Likewise in *Cocke* v. *Blackbourn,* 57 Miss. 691, this court held: "It is always allowable to show that the instrument sued on never was valid, either for fraud or illegality, or want of consideration, or for failure of some condition on which the instrument was to take effect; or that, having been valid, *from something occurring subsequently, it has ceased to be operative wholly or partially.* It is not admissible to vary the terms of a valid written instrument by parol; but it is allowable to attack the instrument, and seek to overthrow it *as never valid or having ceased to be.* The distinction is between the promise and its consideration, between the obligation and that which supports it. The former cannot be altered by parol. The latter may be. . . . The right to show the real consideration is a qualification of the general rule of the inadmissibility of parol evidence to alter the terms of a written contract, and is as well established as the rule itself. *Barker* v. *Prentiss,* 6 Mass. 430. What

I bind myself by writing to do cannot be varied by parol; *but I may always show by parol what induced me to thus bind myself, and thereby test the question whether I was legally bound, as the writing imports, or whether I have been, by any cause, wholly or partially freed from my obligation."*

This oral proof did not affect the promise, but did show the moving consideration for its execution. Neither did it affect the obligation, but it did show what supported the obligation, and the subsequent statements show that the note had ceased to be an obligation of the maker; the suit being between the original payee and the maker.

*Affirmed.*