WASHINGTON COUNTY CREDIT CORPORATION *v.* MILLER *et al.*

(Division B. Nov. 5, 1934.)

[157 So. 343. No. 31387.]

**Wynn, Hafter & Lake,** of Greenville, for appellant.

Dent, Dent & Robinson, of Vicksburg, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant filed its bill in the chancery court of Warren county against Eustice Conway and his wife, Stella Conway, principal makers of notes held by appellant, upon which appellees were indorsers, to recover the balance due thereon. The case was tried on bill, answer, and agreed facts, resulting in a decree against the principal makers of the notes, and in favor of appellees, from which decree appellant prosecutes this appeal.

The agreed facts were substantially as follows: In February, 1932, Conway and his wife, owners of a plantation in Warren county, applied to appellant and obtained what is known as a production loan in the sum of five thousand seven hundred dollars. To secure the loan, they offered a second mortgage on their lands (the Federal Land Bank having a first mortgage for about their value), and a first mortgage on their live stock, crops, and farm equipment. Appellant declined the loan unless additional security was given. The Conways offered appellees as indorsers on the notes (the indebtedness being evidenced by several notes). Appellant accepted the offer, and thereupon the indorsement was made, the notes delivered, and the mortgage executed. When appellees indorsed the notes, they were informed by Eustice Conway, the husband, that they were being secured by a mortgage on their land, crops, stock, and other farm equipment. The mortgage provided for additional advances, if necessary, by appellant to the Conways to enable them to harvest and market their crops. In the summer or early fall they secured an additional loan for that purpose. Appellees had no knowledge of any such provisions in the mortgage nor of the additional loan thereunder until shortly before this litigation began. When the additional loan was made, the Conways agreed with appellant that it should be paid out of the proceeds of the mortgaged property first, and what was left should be applied to the

notes. This agreement, however, was not contained in the mortgage, and appellees had no part in it, nor knowledge of it. We do not mean to intimate, however, that the result would have been different if it had been contained in the mortgage. Appellant carried the harvesting and marketing advances in an open account. The proceeds of the mortgaged property were applied by the appellant first to these advances and then to the notes, leaving a balance due of one thousand two hundred sixty dollars and two cents. If, they had been applied first to the notes, there was a sufficiency to discharge the notes and thereby relieve appellees of liability as indorsers.

The mortgage provided, among other things, that the holder of the notes should have a prior lien for their payment. Under the facts of this case, it is at once apparent that, if the advances are entitled to preference payment over the notes, appellees became guarantors for the payment not only of the notes but also of the advances, notwithstanding the advances were made without their knowledge or consent.

The rule is that, where there is a guaranty of a limited part of a debt, any payments made by the debtor must be applied first to discharge the portion guaranteed. 21 R. C. L. 108; Jones, Collateral Securities, secs. 550, 551.

We think Solomon v. First Nat. Bank, 72 Miss. 854, 17 So. 383, is decisive of this question in appellee's favor. In that case Fewell owed the bank two notes, one secured by Solomon's indorsement and the other unsecured. Later he gave the bank a deed of trust to secure both of the notes. This was done with Solomon's consent. The court held that the note on which Solomon was indorser was entitled to priority of payment out of the mortgaged property over the other note, using this language: "The property was supposed to be sufficient to secure both notes, and he consented that both might be inserted in the deed and secured thereby, but, under the circumstances of this case, it is not reasonable to infer that

he intended to waive his priority of right to the security it afforded, and there is no evidence tending to show that the bank officers so understood the transaction."
Affirmed.