## WILLIAMS *v.* STOCKSTILL.

No. 39709          September 26, 1955          82 So. 2d 450

*Tate Thigpen,* Picayune, for appellant.

*J. E. Stockstill,* Picayune, for appellee.

HOLMES, J.

The appellee sued Nathaniel Smith and the appellant G. H. Williams in the Circuit Court of Pearl River County to recover on a promissory note executed and delivered to him by Nathaniel Smith as maker and by the appellant as an accommodation endorser, in the principal sum of $500, providing for interest and attorneys' fees, dated April 8, 1952, and payable twelve months after its date. Smith made no defense to the suit.

The appellant defended on the ground that said note and a note for the principal sum of $250 of like date, tenor and effect, due six months after date, similarly signed and endorsed, and a payment of $250 cash, were made to the appellee in full discharge of all indebtedness of the said Nathaniel Smith to the appellee, and that appellant's endorsement on said notes was procured through fraudulent and false representations in that it was represented that appellee held certain liens on chattel mortgages on the tractor, truck and equipment of the said Smith, and that in the event of Smith's default in the payment of the notes, said liens or chattel mortgages would be transferred or assigned to appellant upon his payment of the notes, and that appellee thereafter, with Smith's connivance, sold Smith's tractor for $1,150, and applied $450 of the proceeds to Smith's open account and released the balance of the proceeds to Smith; that said proceeds would have been sufficient to pay said

note; that appellee held no liens or chattel mortgages on the tractor, truck and equipment of Smith, and that his representations with respect thereto were false and fraudulently made, and operated to discharge the appellant of his endorsement on the notes.

Appellant filed a counterclaim seeking recovery of the $250 cash payment. The appellee and Smith testified that no such representations were made and that the notes were endorsed by the appellant freely and voluntarily as an accommodation to Smith, and that the application of the proceeds of the tractor was made by direction of Smith. The appellant testified to the contrary, and thus an issue of fact was created and submitted to the jury under proper instructions. The jury resolved this issue in favor of appellee and returned its verdict for the appellee and judgment was entered accordingly. From this judgment, the appellant prosecutes this appeal.

The appellant contends that the trial court erred in refusing his request for a peremptory instruction. We do not think so. The question as to whether appellant's endorsement was procured through the claimed fraudulent representation presented an issue of fact under conflicting evidence and was properly submitted to the jury. The testimony of the appellee and Smith that Smith directed the application of the proceeds from the sale of the tractor was undisputed. Smith had the paramount right to direct the application of such proceeds.

"As a general rule, a debtor paying money to his creditor has the primary and paramount right to direct the application of his money to such items or demands as he chooses." 70 C. J. S., Payment, p. 257.

"The general rule is that a principal owing a debt or debts, only partially guaranteed, may, in making payment, apply it to the guaranteed or unguaranteed debt or part, as he chooses; and, if he fails to make such designation, the creditor may likewise apply the

payment as he chooses, except that he can not apply such payment to a debt not due, to the exclusion of a guaranteed debt which is due. The guarantor generally cannot control the application of the payment.'' 38 C. J. S., Guaranty, p. 1247, Sec. 78.

''If the creditor holds two or more obligations of the debtor and payment of one of the obligations is guaranteed, a sum which has been paid by the debtor may be applied by the creditor in satisfaction of the unsecured obligation unless the debtor has directed application of the sum to payment of the guaranteed obligation; the guarantor may not complain on the ground that the undirected payment has been thus applied.'' 24 Am. Jur., Guaranty, Sec. 76, p. 923.

In the case of Aaronson v. McGowan, 181 Miss. 642, 180 So. 738, the Court said: ''In this state there is no question of the right of the debtor, upon payment of money to his creditor, to determine how that payment shall be applied.''

In the case of Hannan Motor Company v. Darr, et al., 212 Miss. 870, 56 So. 2d 64, the Court, quoting from McLaughlin v. Green, 48 Miss. 175, said: ''With respect to the appropriation of payments, there can be no doubt that the debtor has a right to direct the application, and in case he fails to do so, the creditor has the right to make the appropriation to any valid and subsisting claim that is due which he may hold against his debtor.''

The cases of Love, Superintendent of Banks v. Dakin, 147 Miss. 835, 112 So. 795, and Washington County Credit Corporation v. Miller, et al., 171 Miss. 268, 157 So. 343, are clearly distinguishable on their facts and are not applicable to the facts in this case.

After a careful review of the instructions, we are of the opinion that they disclose no prejudicial error. The judgment of the court below is accordingly affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.