# Boggs *v.* Price.

*Action by Wife, on Promise to pay Rent.*

1. *When husband or wife must sue.*—An action to recover the rents, income and profits, of property belonging to the wife's statutory separate estate, which may accrue after the property has come to the possession of the husband, must be brought in his name; but rents accruing at the time of the marriage, on a lease of her lands made by the wife while sole, are a part of the *corpus* of her estate, and an action to recover them, or founded on the promise of a stranger to pay them, though such promise is made during coverture, is properly brought in the name of the wife.

2. *Landlord's lien on crops; liability of purchaser with notice.*—A person who, having notice of the landlord's lien, purchases the crops from his tenant, and removes and converts them to his own use, whereby the lien and statutory remedy of the landlord are lost, is liable to him in a special action on the case; and this liability is a sufficient consideration to support a promise by him to pay the landlord the rent due from the tenant.

3. *Same; when purchaser is chargeable with notice.*—Notice of facts which are sufficient to put the purchaser on inquiry, is equivalent to actual notice of the facts which he would have discovered by proper inquiry.

APPEAL from the City Court of Selma.

Tried before the Hon. JOHN WHITE, an attorney of the court, selected by the parties on account of the incompetency of the presiding judge.

This action was brought by Mrs. Martha E. Price, the wife of Thomas H. Price, against Milton R. Boggs; and was commenced on the 15th September, 1873. The original complaint contained only the common count for money had and received, claiming $2,000, alleged to be due to the plaintiff, and to belong to her statutory separate estate; but two special counts were added by amendment, as follows: "2. Plaintiff claims of defendant the further sum of $2,000, the same being her separate estate as aforesaid, for that," on the 20th November, 1872, Elias F. Harrell was indebted to plaintiff in the sum of $1,000, for the rent during the year 1872 of certain lands belonging to the plaintiff's statutory separate estate, by said Harrell rented from her while sole and unmarried; and whereas a crop of cotton, of the value of $2,000, was raised

[Boggs v. Price.]

by Harrell on said lands during the year 1872, upon which plaintiff had a statutory lien, as landlord, for the rent; "and whereas the defendant, well knowing the matters aforesaid, and that said rent had not been paid, possessed himself of said cotton, and sold and disposed of the same, for the sum of (to-wit) $2,000; and afterwards, to-wit, on the 7th January, 1873, said rent still remaining unpaid, the said defendant, in consideration of the matters aforesaid, and of his liability to plaintiff on account thereof," &c., undertook and promised to pay plaintiff said sum of $1,000, with interest.   3. The third count alleged that Harrell, in November, 1872, was indebted to plaintiff in the sum of $1,000, for the rent of certain lands belonging to her statutory separate estate, and had raised a crop of cotton on said lands during that year, on which plaintiff had a statutory lien for the payment of said rent; and proceeded thus: "And whereas said Harrell shipped and delivered said crop of cotton to the defendant, as his commission-merchant; and whereas the defendant, well knowing the matters aforesaid, and that said rent had not been paid, desired to sell said crop of cotton, and applied for leave to do so; and thereupon defendant undertook, promised and agreed, to and with plaintiff, to pay her said rent, in consideration of her leave and consent to his sale of said cotton, and plaintiff did thereupon consent that he should sell said cotton; and defendant afterwards sold the same, at and for the sum of, to-wit, $2,000; whereby defendant became liable to pay plaintiff the rent aforesaid.   And plaintiff says, that defendant has never paid said rent, or any part thereof," &c.

The judgment-entry recites, that the defendant demurred to the second and third counts, and his demurrer was sustained; that the plaintiff then amended each of those counts; that the defendant again demurred to them, and his demurrer was overruled.   The record does not show what this amendment was, or whether it is included in the counts as above set out.   The only causes of demurrer specially assigned, as copied in the record, are these:   To the second count, because it does not show that the defendant destroyed, removed, or so converted or changed the character of said cotton, that the landlord could not enforce her lien; and because it does not show any consideration for the defendant's alleged promise; and because it does not show that the plaintiff had sued out an attachment against said Harrell, or against the crops raised on the rented lands, or had any such right or interest in or to the crops as entitled plaintiff to the money derived from the sale thereof by the defendant; and to the second and third counts, because they show that this

[Boggs v. Price.]

suit is for the rents and use of lands belonging to the plaintiff's statutory separate estate, and the alleged promises enured, by operation of law, to the plaintiff's husband, and not to the plaintiff. The defendant pleaded the general issue to the first count, and "to the first, second, and third counts," a special plea, alleging that, at the time said alleged several promises were made, plaintiff was a married woman, and resided, with her husband, in this State; "and that said sums of money, in said counts mentioned, are the rents and issues of certain lands belonging to the plaintiff's statutory separate estate; and that said rents accrued during the coverture of the plaintiff, and while she was the wife of the said Thomas H. Price, and the same do not belong to the plaintiff in this action; and defendant denies that he undertook and promised to pay her said sums of money in said counts specified, in manner and form as complained of in said declaration." To the second and third counts the defendant pleaded specially, as follows: "3. For plea to the second and third counts of plaintiff's complaint, defendant says, that said plaintiff did not, at or before the time when it is alleged in said counts that defendant took possession of said cotton, and sold and disposed of it, have any lien by attachment upon said cotton, and had not issued, nor caused to be issued, any attachment against said cotton, for the purpose of enforcing the alleged landlord's lien in said counts mentioned, before the time when, as alleged in said counts, defendant took possession of said cotton, or sold or disposed of the same; and defendant takes issue upon, and denies, each and every statement and allegation of said counts, and of this he puts himself upon the county." The court struck out the third plea, on motion of the plaintiff; to which ruling the defendant reserved an exception. The plaintiff demurred to the second plea, but her demurrer was overruled; and she then replied to it, " that said contract for rent, in said second count montioned, was made while she was sole and unmarried, and that she did not marry until the 9th day of August, 1872; and that seven months of the term, for which said lands were rented, had elapsed before her marriage; and she admits that the defendant's promise to pay said sums of money, in the complaint mentioned, were made after her said marriage, and during her coverture: and as to the other statements in said plea mentioned, she joins issue." The defendant demurred to this replication, and his demurrer was overruled. The bill of exceptions purports to set out "substantially all the evidence in the case," and states the testimony of the several witnesses in *ipsissimis verbis.* Numerous exceptions were reserved by the defendant to the rulings of the court on the evidence,

[Boggs v. Price.]

and each of these is here assigned as error; but these are not material to a correct understanding of the legal questions decided by this court, and they would not be intelligible without a statement of the evidence at length. The plaintiff's evidence showed that she had leased her lands to said E. F. Harrell, during each of the years 1870, 1871, and 1872; that the rent was paid in 1870 and 1871 by the defendant, on orders drawn on him by Harrell, out of the proceeds of cotton shipped to him by Harrell for sale; and that he verbally promised, in October, or November, 1872, to pay the rent for that year, out of the proceeds of the crop when sold. The defendant's evidence was materially different as to what occurred at that interview between him and the plaintiff's agent, and tended to show that he sought to evade any promise to pay the rent, and only promised at last to pay the proceeds of sale of any cotton that he might afterwards receive from Harrell, to whom he had made advances; that he only received four bales afterwards, and paid over the proceeds, amounting to about $230. The evidence was conflicting in several particulars, which require no special notice.

"The court charged the jury, among other things, that it was not necessary for the defendant to have actually known that the cotton came from plaintiff's plantation, and that the rent was unpaid: if there were facts and circumstances which reasonably put him upon inquiry, then he is responsible as if he actually knew." The defendant excepted to this charge, and requested several charges, of which the following were refused: 1. "If the jury believe, from the evidence, that the plaintiff intermarried with Thomas H. Price on the 1st August, 1872, and that the lands described in the complaint were, at the time of the marriage, the plaintiff's statutory separate estate; and that the contract for rent between plaintiff and Harrell, by its terms, fell due, one half on the 15th October, and the other half on the 20th November, 1870; and that the promises alleged to have been made by the defendant to the plaintiff were made after her marriage with Thomas H. Price on the 1st August, 1872, by virtue of defendant's liability to pay plaintiff's claim for rent; then the right of action enured to said Thomas H. Price, and not to the plaintiff." 2. "If the jury believe, from the evidence, that defendant was notified by plaintiff, or her agent, in October, or November, 1872, that Harrell owed her rent for that year, and that she looked to defendant to pay over to her any cotton, or proceeds of cotton, coming from her place, on her contract for rent with Harrell; and that defendant agreed to pay over whatever cotton came from said place; and that only four bales came from Harrell, or from said place, after such notification; and

that defendant turned over to plaintiff, or to her agent, the proceeds of all cotton or other produce received by him from said place, or from said Harrell,—then they must find for the defendant." 3. "If the jury believe, from the evidence, that the plaintiff had a contract with Harrell for rent, by its terms due the 15th October and 20th November, 1872, one half at each date ; and that the lands rented to Harrell were plaintiff's statutory separate estate ; and that plaintiff married Thomas H. Price on the 1st August, 1872 ; and that the contract alleged by plaintiff, as having been made with defendant, accrued after plaintiff's marriage with Price ; then the right of action, if any, enured to plaintiff only for the value of the rents up to the date of her marriage, and if defendant was liable to any one for rents accruing after the 1st August, he was only liable to Thomas H. Price." 4. "In order to create a liability from defendant to plaintiff, on account of his sale of cotton grown on her plantation, it would be necessary for him to have sold the cotton with notice that it came from her plantation, and that the rent was unpaid ; and if, on receiving notice of plaintiff's lien, the defendant held all the cotton on hand, and paid over the proceeds to plaintiff, and never received any more afterwards, then plaintiff is not entitled to recover." The defendant duly excepted to the refusal of each of these charges, and also to the following charge, which the court gave on the request of the plaintiff: "If Harrell rented land from the plaintiff for the year 1872, and raised a crop of cotton thereon that year, and sent the same to *plaintiff (?)*, without paying the rent; and if Boggs was aware of these facts from circumstances, and afterwards sold the cotton, and promised plaintiff, or her agent, to pay the rent due,—then the plaintiff is entitled to recover." The rulings of the court on the pleadings and evidence, the charges given, and the refusal of the charges asked, are now assigned as error.

LAPSLEY & NELSON, and E. W. PETTUS, for appellant.

BROOKS & ROY, *contra*. (No briefs on file.)

BRICKELL, C. J.—1. The material question of this case is, whether a married woman, who, while sole, had made a lease of her lands, can sue alone upon a promise made to her during coverture, by a stranger, to pay her the rent accruing under the lease. The statute is, that the wife must sue or be sued alone, when the suit relates to her separate estate.—Code of 1876, § 2892. The construction which this statute received soon after its enactment, and which has not since been

[Boggs v. Price.]

departed from, is, that it refers only to the *corpus* of the *statutory separate estate* of the wife, and embraces all suits in which that may be involved. The *corpus* consists of all property the wife may own at the time of marriage, or which may subsequently accrue to her, whether real or personal, things in action, or things in possession, to which the common-law rights of the husband would attach but for the statute and the constitutional provision. The income, rents, and profits, which may accrue after such property comes to the possession of the husband, as the trustee of the wife, he takes without liability to account for them. When these are the *subject*, and not the *incident* of suit, it is in his name actions at law must be prosecuted. But rents accruing at the time of marriage, upon leases made by the wife while sole, are a substitute for the use and occupation of her lands, and form the *corpus* of her statutory separate estate, just as would the payments on an annuity.—*Boynton v. Sawyer*, 35 Ala. 497. When such rents form the consideration of a promise made by a stranger to her, subsequent to marriage, an action on such promise must be prosecuted in her name. There is, consequently, no error in the rulings of the City Court upon this question.

2. That a purchaser from a tenant, of crops grown on rented premises, who, with notice of the lien of a landlord, removes and converts them, so that the lien, and the statutory remedy to enforce it, are rendered unavailing, is liable to the landlord in a special action on the case, we have several times decided.—*Hussey v. Peebles*, 53 Ala. 432 ; *Lomax v. LeGrand*, 60 Ala. 537. Such liability is a sufficient consideration to support his promise to pay the landlord the rent due him from the tenant.

3. Protection against the lien of the landlord can not be claimed by a purchaser, if he has notice of facts which ought to put him on inquiry, and which, if pursued, would have led to knowledge of its existence. If he disregards such facts, he incurs the same liability which he would have incurred if actual knowledge was imputable to him.—*Lomax v. LeGrand, supra.*

We do not deem it necessary to pass on the several objections to the admissibility of evidence found in the bill of exceptions. They have been considered, and we find in them no error prejudicial to the appellant.

The judgment is affirmed.