# Cockburn *v.* Watkins.

*Attachment by Landlord against Tenant's Crop.*

1. *Landlord's statutory lien for advances.*—The landlord's statutory lien, for advances made to his tenant (Code, §§ 3467–70; Sess. Acts 1878–9, p. 72), is much more comprehensive than the lien given to any other person making advances, and embraces "everything useful for the purposes enumerated, or tending to the substantial comfort and well-being of the tenant, his family, or persons employed about the service ;" and this lien laps over from year to year, for any balance due, so long as the tenancy continues.

2. *Affidavit for attachment.*—When an attachment is sued out to enforce a landlord's statutory lien for advances, it is not necessary that the affidavit should specify the particular articles advanced, or set forth an

[Cockburn v. Watkins.]

itemized account: it is sufficient if it shows that the relation of landlord and tenant existed, that advances for the purposes specified were made, that a specified balance remains unpaid, and that a statutory ground for suing out an attachment exists.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Robert E. Cockburn, against Samuel Watkins, to enforce a landlord's statutory lien for advances made to his tenant; and was commenced by attachment, sued out on the 15th January, 1883, on the ground, as stated in the affidavit, "that the said Watkins has removed from the said rented premises a part of the crop raised thereon the year 1882, without paying the amount due for advances, and without the consent of affiant, his landlord." The defendant craved oyer of the affidavit, and pleaded in abatement, specifying as defects in it, " that said affidavit does not allege nor state the amount of money, nor what the several articles enumerated amounted to, or their value; nor does it allege or state what the 'other things of value,' mentioned therein, consisted of, or the value or price of the same;" and these defects were specified, in substance, as to each of the years 1880, 1881, and 1882. The plaintiff demurred to this plea; but the court overruled the demurrer, held the plea good and sufficient, " and that said affidavit is wholly insufficient to support said attachment," and quashed the attachment. This judgment is now assigned as error. The material parts of the affidavit are stated in the opinion of the court.

J. B. MOORE, and JAS. JACKSON, for appellant, cited *Collier & Son v. Faulk & Martin*, 69 Ala. 58.

WM. & L. B. COOPER, *contra*, cited *Schuessler v. Gaius & Nichols*, 68 Ala. 556; *Flexner & Lichten v. Dickerson*, 65 Ala. 129.

STONE, C. J.—In *Flexner v. Dickerson*, 65 Ala. 129, and in *Schuessler v. Gaius*, 68 Ala. 556, this court considered, and, to some extent, construed sections 3286–88 of the Code of 1876. Those sections relate to advances to make a crop, obtained from outsiders—from persons other than the landlord. To secure the statutory lien for such advances, many pre-requisites must exist, and be conformed to. The articles are very restricted in number: team, provisions and farming implements, or money with which to purchase the same. There must be a declaration in writing, with prescribed requisites, and it must be recorded; and such declared, recorded

[Cockburn v. Watkins.]

writing does not preserve a statutory lien, for advances to be made afterwards.—*Collier v. Faulk*, 69 Ala. 58.

The present case rests upon a very different statute,—Code of 1876, § 3467, as amended by the act approved February 12, 1879—Pamph. Acts, 72. That statute declares a lien in favor of the landlord, and requires neither writing nor registration; and it makes such lien, and the lien for rent, paramount to all other liens. It is not confined to team, provisions, and farming implements, and money to purchase them with, but embraces every thing of value, "for the sustenance or well-being of the tenant or his family, for preparing the ground for cultivation, or for cultivating, gathering, saving, handling, or preparing the crop for market." These are comprehensive words, and would embrace every thing useful for the purposes enumerated, or tending to the substantial comfort and well-being of the tenant, his family, or employees about the service. And this lien is not confined to one crop, but, the tenancy continuing, laps over from year to year.—Code, § 3469. And the landlord may assign his claim to another, which carries with it the lien, and the right to enforce it.—Code, §§ 3470 to 3472. Section 3472 provides a remedy by attachment for enforcing this lien. One of the expressed grounds for attachment is, "When the tenant has removed from the premises, or otherwise disposed of any part of the crop, without paying the amount which will be due for rent and advances, and without the consent of the landlord," or his assignee, as the case may be.

There was a plea in abatement to the attachment in this cause, setting forth many alleged defects in the affidavit on which the attachment issued. The plaintiff demurred to the plea, assigning many grounds. The Circuit Court overruled the demurrer, sustained the plea, and quashed the attachment. The affidavit sets forth that the defendant, Watkins, was tenant of plaintiff, Cockburn, for three consecutive years – 1880, 1881, and 1882—and that the landlord made advances to his tenant during each of the years. The advances alleged to have been made in 1870, are stated as follows: "Money and provisions, plows, meat, corn, 2 mules, 1 pair of plow-gears, 4 turning-plows, 3 plow-stocks, 1 cotton-scraper, clothing, and other things of value, for the sustenance and well-being of said Watkins, and for the cultivating, gathering, handling and preparing the crop raised that year for market; and that said Watkins was indebted to affiant [Cockburn], at the end of the year 1880, in the sum of two hundred and ninety-seven dollars, balance due for said advances, and which he failed to discharge." The averments of advances for the years 1881 and 1882 are substantially the same, with the exception that the balance claimed to be due at the end of the year 1881 is two hundred

[McIlwain v. Vaughan & Wife.]

and seventy-five dollars; and the end of 1882, two hundred and fifty-six 59-100 dollars. For the sum last named the attachment was sued out. The ground alleged for suing out the attachment is, "that the said Watkins has removed from the said rented premises a part of the crop raised thereon the year 1882, without paying the amount due for advances, and without the consent of affiant, his landlord."

The briefs of counsel indicate, that two alleged defects in the affidavit are relied on to sustain the ruling of the Circuit Court, namely, that the affidavit fails to set forth the amount advanced during each year, and that it does not specify the "other things of value," alleged to have been advanced. If there were any thing in the second objection urged, it would only be good *pro tanto*, and would not abate the attachment. But we do not think either of the objections well taken. It is not necessary, in suing under this statute, to specify the particular articles advanced, nor to set forth an itemized account. Whether the articles advanced fall within the very broad, general terms of the statute, would properly arise on the evidence. The statute is conformed to, when the affidavit shows that the relation of landlord and tenant existed, that advances for the purposes specified were made, that a balance, naming it, remains unpaid; and setting forth one of the statutory grounds for attachment in such cases. Of course, if there is a balance which laps over from year to year, in a case of continuing tenancy, it would be better to state it, as was done in this case.

Reversed and remanded.