[Thompson v. Powell.]

# Thompson v. Powell.

*Action on the Case by Landlord, against Purchaser of Crops with Notice of Statutory Lien.*

1. *When action lies.*—An action on the case lies in favor of the landlord, against one who, having knowledge or notice of the landlord's statutory lien, purchases from the tenant the crops grown on the rented lands, and removes or converts them, whereby the lien was lost or destroyed.

2. *Landlord's lien for advances.*—The landlord's lien for advances is placed by the statute on the same basis of equality as his lien for rent (Code, § 3469; Sess. Acts 1878-9, p. 72); any balance remaining due at the end of the year, the tenancy continuing for another year, is regarded as advances made on the crop of that year, and is protected by the lien of that year; and it is not necessary that the same lands shall be cultivated each year.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Moses W. Thompson, against Amos Powell and others, and was commenced on the 20th May, 1882. The complaint contained but a single count, which alleged that, on or about the 1st January, 1880, plaintiff rented to said Amos Powell, for the year 1880, a certain tract of land in said county, for the rent of which said Powell agreed to pay twenty bales of cotton of specified weight, and also advanced to said Powell, in money and other articles necessary for the sustenance and well-being of the tenant and his family, and for cultivating, saving, gathering and harvesting the crops grown on the rented lands, the sum of $3,000; that Powell occupied and cultivated the rented lands during the year 1880, and, at the end of the year, owed plaintiff a balance of $3,000, which said balance was still due and unpaid; that Powell continued to occupy said lands, with other lands of said plaintiff, during the year 1881, and agreed to pay plaintiff, as rent for the year, twenty bales of cotton of specified weight; that plaintiff made additional advances to him during the year, to the amount of $3,000; that Powell occupied and cultivated the lands during the year 1881, and raised thereon crops of corn, cotton, &c., "upon which plaintiff had a lien for said rent and advances, which are still due and unpaid; and plaintiff avers that said defendants took possession of and removed said crops from said rented premises, without paying the said rent and advances due as aforesaid, and without the consent of the plaintiff, and with a knowledge of the plaintiff's lien upon said crops, and

[Thompson v. Powell.]

converted to their own use, of the crops grown on said rented lands during said year 1881, six bales of cotton, weighing 500 lbs. each, 10,000 lbs. of fodder, 500 bushels of corn, and 2,000 bushels of cotton-seed, and prevented plaintiff from enforcing his said lien for said rent and advances on said crops so removed and converted; to plaintiff's damages as aforesaid."

The defendants filed a joint demurrer to the complaint, on the ground that the landlord could not maintain a joint action on the case against his tenant and others for an alleged removal and conversion of the crops; and they also demurred to "so much of the complaint as seeks to recover damages from the defendants for an injury to his lien as landlord for advances made by him to said Amos Powell during the years 1880 and 1881;" assigning as grounds of demurrer to this part of the complaint—"1st, the same causes assigned to the entire complaint; 2d, that plaintiff's lien for advances made to his tenant, Amos Powell, and for the rent alleged to be due for the year 1880, is a lien created by statute, and the statute prescribes process of attachment as the exclusive remedy for the enforcement thereof against the tenant, and the plaintiff can not maintain an action on the case against the tenant and others, for an alleged joint injury to his said lien." Amos Powell also filed separate demurrers, assigning the same causes or grounds. The court overruled the demurrers to the entire complaint, but sustained the demurrers to the part specified; and this ruling is now assigned as error by the plaintiff.

POWELL & CABANISS, NORMAN & SON, and WATTS & SON for the appellant.

J. N. ARRINGTON, *contra.*

SOMERVILLE, J.—It is now a settled rule in this State, established by a series of decisions, that a landlord may maintain an action on the case against any one or more defendants, who, with notice of the landlord's lien for rent or advances, purchases from the tenant the crops grown on the rented premises, and afterwards removes or converts them, so as to defeat, or otherwise obstruct, the enforcement of such lien by the statutory remedy of attachment. The theory of these cases is, that the removal, or other conversion of the crops, was an unlawful act, by which an injury has been done the landlord, the extent of which is the value of his lien.—*Lake v. Gaines,* 75 Ala. 143; *Hurst v. Bell,* 72 Ala. 336; *Kennon v. Wright,* 70 Ala. 434; *Boggs v. Price,* 64 Ala. 514; *Lavender v. Hall,* 60 Ala. 214; *Westmoreland v. Foster,* 60 Ala. 448; *Lomax v. LeGrand, Ib.* 537; *Hussey v. Peebles,* 53 Ala. 432. The

[Thompson v. Powell.]

principle is analogous to, if not strictly identical with, that which affords a like remedy against one who converts property upon which a plaintiff has an equitable mortgage.—*Rees v. Coats,* 65 Ala. 256; *Collier v. Faulk,* 69 Ala. 58; *Mayer v. Taylor, Ib.* 403; *Hurst v. Bell, supra.*

The rulings of the court indicate, that this principle was recognized and applied so far as to protect the lien of the plaintiff for rent and advances for the year 1881; but it was limited to this particular year, and denied so far as to exclude from its operation the advances made by the plaintiff, as landlord, for the previous year, 1880. We can see no sufficient reason for this distinction. There is no difference in the dignity or nature of the landlord's lien for *rent,* and that for *advances.* Each is placed by the statute upon precisely the same basis of equality. Code, 1876, § 3467. The same is true whenever a tenant fails to discharge his indebtedness for rent and advances for any year, and "continues his tenancy under the same landlord;" the balance so due for rent and advances is "held as so much advanced by the landlord towards making the crop of the succeeding year," and operates as a lien upon the crop and upon the articles advanced, or other articles for which they may be bartered or exchanged.—Code, 1876, § 3469; Acts 1878-79, p. 72.

The essential thing contemplated·by the latter section is the continuation of the relation of landlord and tenant between the same parties for another year. It is not material that the same acreage of land should be cultivated, nor indeed the same land. The purpose of the statute is to afford such security to the landlord as to remove the temptation, frequently presented, of denuding the tenant of all that he has, so as to cripple, if not destroy, his ability to continue his tenancy another year. It is the identity of the relation, therefore, and not the identity of the land cultivated, which seems to be embraced within the spirit as well as the letter of this law. It would lead to much confusion and inconvenience in agricultural contracts of this character, should the rule be established, that the lien given by this statute would be forfeited and lost irrevocably by the accident of the landlord's adding or subtracting a few acres of land in undertaking to contract for a new tenancy for a succeeding year. We are satisfied that the General Assembly did not so intend. The statement, therefore, in the complaint—that the tenant, Powell, occupied and rented, during the year 1881, some other lands belonging to the plaintiff, additional to those rented the previous year—would not operate to deprive him of his lien upon the crops either for the rent or advances, which had been brought forward as a balance from the year 1880.

[Sloan & Son v. Guice.]

The Circuit Court erred in sustaining the demurrer; and its judgment must be reversed, and the cause remanded.

CLOPTON, J., not sitting.