# Powell *v.* The State.

*Indictment for Removing or Selling Cotton upon which Another had a Claim or Lien.*

1. *Statutory lien of landlord.*—The statute giving the landlord a lien on his tenant's crop, for advances as well as rent (Code of 1886, §§ 3056-58), only applies to advances of one or more of the articles enumerated, made for one or more of the purposes specified; and it does not extend to advances made to a hired laborer, which were to be paid for by his labor.

2. *Account book; proof of.*—An account book of a party is not admissible as evidence for him, without proof of its correctness.

3. *Construction of writing; to what witness may testify.*—It is for the court to construe and determine the meaning of a written instrument from the language used; and a party can not be permitted to testify, as a witness, what was meant by it.

APPEAL from Macon County Court.
Tried before Hon. W. H. HURT.

ABERCROMBIE & BILBRO, and P. S. HOLT, for appellant.
1. Letcher had no right to explain the written contract. 2. It was clearly incompetent and illegal to admit Letcher's account book without proof of its genuineness and correctness. 1 Greenl. Ev. § 657. 3. Letcher had no lien for advances. The advances made to defendant, were made to him not as tenant, but as a wage-laborer. 4. It is not known where the offense was committed. The value of the cotton was matter of proof, not of judicial knowledge.

THOS. N. McCLELLAN, Attorney-General, *contra.*

STONE, C. J.—The judgment of conviction in this case must be reversed for several reasons.

The defendant was indicted for selling or removing seed cotton, to which Letcher "had a lawful and valid claim under a written instrument, lien created by law for rent and advances, or other lawful and valid claim, verbal or written." Code of 1886, § 3835. The indictment follows the form and is sufficient.—Form 77.

In *Smith v. State*, 84 Ala. 438, we reviewed *Ellerson v. State*, 69 Ala. 1, and qualified it in part.

[Powell v. The State.]

The lien attempted to be established by the testimony in this case, was asserted in three forms:  First, a claim for rent of land in 1886—the land on which the cotton was said to have been grown, which defendant was charged with removing.  The testimony shows this lien existed to the extent of twenty dollars.  Second, it was attempted to be shown that Letcher had made advances to defendant in 1886, and third that defendant was indebted to him for unpaid rent and advances made to him in 1885.  On these several accounts it was claimed that defendant was indebted to Letcher in the sum of about one hundred dollars.

The statutes, on which the validity of Letcher's alleged lien must depend, are the following sections of the Code of 1886, § 3056:  "A landlord has a lien  .  .  .  on the crop grown on rented lands for the current year, and for advances made in money or other thing of value,  .  .  .  .  .  for the sustenance or well being of the tenant or his family, or for preparing the ground for cultivation, or for cultivating, gathering, saving, handling, or preparing the crop for market," &c.  In *Cockburn v. Watkins*, 76 Ala. 486; *Thompson v. Powell*, 77 Ala. 391, and *Mooney v. Hough*, 84 Ala. 80, we interpreted the foregoing section of the Code, § 3058. "When the tenant fails to pay any part of such rent or advances, and continues his tenancy under the same landlord, on the same or other lands, the balance due therefor shall be held and treated as advances to him by the landlord for the next succeeding year,  .  .  for which a lien shall attach to the crop of such succeeding year."  This statute we have also construed in some of its bearings.—*Cockburn v. Watkins*, 76 Ala. 486; *Gunter v. Dubose*, 77 Ala. 326; *Thompson v. Powell*, 77 Ala. 391.

It is not every advance a landlord may make, even to his tenant, that comes within the statute.  It must be of some one or more of the articles enumerated, and for some one or more of the purposes mentioned in the statute.  Without this there is no lien.

The testimony tends to show that the advances made to the defendant in 1886 were made to him as a hired laborer, to be paid for by his labor.  For this the statute gives no lien.  As for the alleged balance for advances in 1885, the testimony does not enable us to affirm there was any lien for them.  The only lien proved in this case was for rent, and the cotton delivered must be applied to it.  As the testimony appears in this record, there is no sufficient proof of any

[Page v. The State.]

other lien, and the cotton delivered more than paid the rent.

The account-book, without proof of its correctness, was improperly admitted in evidence.—*Hirschfelder v. Levy*, 69 Ala. 351. Nor should Letcher have been permitted to prove what was meant by the written contract. Its meaning was for the court to determine, from the language in which it was expressed. Of course, witnesses could testify whether or not it had been complied with. The bill of exceptions recites that it contains all the evidence, and it contains no proof either of *venue*, or that the cotton had value. These questions should be looked to on another trial.

Reversed and remanded.