# Worthington *v.* Long.

### *Destroying Lien.*

(Decided December 18, 1913.  64 South. 174.)

1. *Landlord and Tenant; Lien; Purchasing Property.*—Where cotton is bought from the apparent owner without a knowledge of the landlord's lien, the purchaser of such cotton grown by the tenant is not guilty of a conversion.

2. *Same.*—The evidence examined and held insufficient to show that the purchase was made from the tenant with the knowledge of the landlord's lien.

3. *Evidence; Similar Facts and Transaction.*—The fact that on previous occasions the defendant had been compelled to pay for cotton bought from tenants of the plaintiff-landlord, is immaterial in a suit for destroying the landlord's lien on the cotton in this suit.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Suit by W. Worthington against T. L. Long for damages for destroying his landlord's lien upon certain cotton. Judgment for defendant and plaintiff appeals. Affirmed.

RAY & COONER, for appellant. Want of notice of the landlord's lien will not protect the defendant in this case.—*Lomax v. Legrand,* 60 Ala. 537; *Manassas v. Dent,* 8 South. 108; *Waite v. Corbin,* 19 South. 505; *Bush v. Willis,* 30 South. 443; *McClelland v. Robinson,* 55 South. 99.

DAVIS & FITE, for appellee. Regardless of the question of notice the evidence disclosed that the landlord had been paid, and was not entitled to his judgment. None of the cases cited by the appellant are applicable to the facts in this case.

WALKER, P. J.—The evidence adduced on the trial was such as to warrant the court, sitting without a jury,

in finding either (1) that the defendant's purchase of the cotton in question was without any knowledge or notice of the plaintiff's lien or claim upon it, or (2) that, as a consequence of the plaintiff's tenant having previously paid him more than was due on the rental contract after a washing away of the dam on the rented premises, the plaintiff had no lien upon or interest in the cotton at the time it was acquired by the defendant. It would follow from either of these findings that the plaintiff was not entitled to recover. The defendant was not chargeable with converting the cotton, and thereby defeating or obstructing the plaintiff's lien upon it if he bought it from one who was the apparent owner of it, and without knowledge or notice of the plaintiff's lien as the landlord of the person by whom it was grown.— *Thompson v. Powell,* 77 Ala. 391; *Hussey v. Peebles,* 53 Ala. 432.

The plaintiff offered in evidence a mortgage given by his tenant, Moore, to the defendant prior to the latter's acquisition of the cotton in question, covering Moore's "crop of cotton and corn planted, grown, or to be grown during the year 1912 in Walker county, Alabama." But it was not proved that the defendant acquired the cotton in question under that mortgage, or with notice of plaintiff's claim on it. The evidence as to the circumstances of the defendant's acquisition of the cotton is found in the testimony of one Aikins, which was to the effect that he knew the place rented by Moore from the plaintiff, that he, Aikins, hauled to town the cotton grown on that place, and sold one bale of it to the defendant. It was not proved that the defendant took that cotton under Moore's mortgage to him, or that he had any knowledge or notice that the person from whom he bought had any connection or relation with the mortgagor, Moore, or that the cotton purchased was grown by Moore, or on the plaintiff's land. Under the evidence

the court was justified in concluding that the only dealing by the defendant with the cotton in question which was shown was his purchase of it, without notice of any claim of the plaintiff on it, after its severance and removal from the premises on which it was grown, from a person having such possession of it as to be prima facie evidence that he owned it and had the right to sell or otherwise dispose of it.

The deficiencies in the evidence above pointed out would not have been remedied by proof of the fact that the defendant, at some prior to the year 1912, had had to pay for cotton bought by him from tenants of the plaintiff. Evidence of that fact would have had no tendency to prove that the defendant acquired the cotton which was in question in this case in such circumstances as to subject him to liability to the plaintiff in reference to it. It follows that the appellant has nothing to complain of in the action of the court in sustaining the objection to the question asked him which called for such evidence.

Affirmed.