SIMEON CRISLER v. C. C. McCOY, Admr., &c.

1. PAYMENT: APPROPRIATION OF.—Where a partial payment is made, the debtor has the right to apply it to any one of the several items of his indebtedness; but if he fail to make the application, the creditor may then make it.

2. SAME: STATUTE OF LIMITATIONS.—Where the only evidence that a partial payment has been made is, a statement in the account of the creditor showing its reception and appropriation by him, to an item in the account barred by the Statute of Limitations, the debtor will not be entitled to reject the item thus barred, and have the payment appropriated to the balance of the account, but if the item barred by the statute be rejected, so must the credit.

IN error to the Circuit Court of Hinds county. Hon. John Watts, judge.

*Robert Trimble*, for plaintiff in error,
Cited, 11 S. & M. 419; 24 Miss. R. 156; 30 Id. 40.

*Johnston* and *Shelton*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action founded upon an open account, consisting of sundry items, one of which was for sixty dollars, " money loaned to buy a mare," as of date 4th February, 1851. To this item of the account, the defendant pleaded the Statute of Limitations of three years, the action having been commenced on the 29th September, 1856, and the plaintiff replied a promise within three years.

The amount of the account was $104 79, which was credited on its face " by cash part of loan to buy mare $30," leaving the balance $74 79, and for this balance, the jury found a verdict for the plaintiff. The defendant moved for a new trial, which was overruled, and exception taken.

The evidence relied upon to show the new promise, consists of the testimony of the witness Noah H. Bradley, who stated in substance, that some time early in the spring of 1852, the defendant, in company with the plaintiff's intestate, came to the witness and proposed to him, to settle a note for sixty dollars, which he had given the witness about a year previous, for the purchase of a mare. Defendant stated that he had got the money from plaintiff's intestate to settle the note; and plaintiff's intestate also said in defendant's presence, that the defendant had obtained the sixty dollars from him; which the defendant did not deny.

This evidence was evidently not sufficient to show a new promise within three years next preceding the institution of the suit. The conversation took place in the spring of 1852, and the suit was commenced in September, 1856, some four years and six months after the alleged acknowledgment was made. The evidence, therefore, was not sufficient to establish this item in the account.

It is also insisted in behalf of the plaintiff in error, that it was not within the power of the creditor to apply the sum of thirty dollars, credited on the account, to the payment of the sum of sixty dollars, loaned money charged in the account.

That sum appears to be credited, as having been paid on the 30th May, 1855, and the payment is not controverted. It is also credited as having been paid in part of the sixty dollars loaned.

When that sum was paid, the debtor had the right to have it applied as he thought fit; but having failed to make the application, the creditor then had the right to make it. He appears to have exercised that right by applying it to the credit of the sixty dollars loaned. This application appears also to be just and reasonable, and may fairly be presumed to have been done by the consent of the plaintiff in error; because the item to which it was applied, was for loaned money, which is generally regarded as a debt of higher obligation than matters of general indebtedness, and it was the first item in date in the account.

If the item in the account for sixty dollars be not established, it would follow, that the credit for thirty dollars, paid on account of it, should be rejected; and for aught that appears in the evidence in this record, the plaintiff in error would not be entitled to reject from the account, the sum of sixty dollars, as barred by the statute, and apply the credit of thirty dollars to the balance of the account.

The judgment is reversed, and the cause remanded for a new trial.