## CHAMPENOIS & SON v. FORT et al.

1. APPROPRIATION OF PAYMENTS. — Where a party, indebted on several accounts, makes a payment, he has a right to direct its appropriation, if he fails to do so the creditor may, or the law will.

2. CHANCERY COURT — JURISDICTION — AMOUNT IN CONTROVERSY. — A bill was filed in equity to enforce a lien, given to secure a note for $200, and also to make the lien cover an open account for subsequent advances. On the face of the

bill it appeared that, if a credit, which had been improperly made on the open account, had been made on the note, where of right it belonged, the amount secured by the lien would have been reduced below $50. On demurrer to the jurisdiction, the court declined passing on the question, as to whether the chancery court, under the act of 1870, has jurisdiction of cases under $50, but maintain the jurisdiction in this case, on the ground that the amount which determines jurisdiction is the $200 involved in the suit, and not the sum which may be finally recovered.

3. SAME — PRACTICE — FORECLOSING A LIEN. — The chancery court may proceed to foreclose a lien, though only a part of the property, bound by the lien, is sequestered.

4. SAME — REMEDY OF AN INNOCENT PURCHASER, WHERE THERE IS OTHER PROPERTY ENOUGH TO SATISFY THE LIEN — PLEADING — CROSS-BILL AND DEMURRER. — If an innocent purchaser, for value, of property held by a valid lien, knows that the debtor, under the lien, has other property to which the lien attaches, he may protect his purchase, not by demurring to the creditor's bill to foreclose his lien upon it, but by a cross bill, pointing out the other property of sufficient value to satisfy the lien.

5. SAME — SAME — A BILL BAD IN PART. — Where creditors, by a bill, seek to enforce a lien given to secure a note, and also prefer a claim for subsequent advances, the circumstance that they prefer the claim for advances does not deprive them of a remedy for that part of their debt, which is protected by the security.

ERROR to the chancery court of Clarke county. DRANE, Chancellor.

The substance of the bill to sequester and sell the personal property, under the deed of trust, is stated in the opinion of the court. Fort, who had executed the deed of trust to the complainants, and Haynie who had afterward purchased from Fort the property bound by the lien so created, joined in a demurrer to the bill, and assigned the following special causes of demurrer : 1. Want of equity. 2. The bill seeks to unite the note, and open account and recover them under the deed in trust, where only the note is secured thereby. 3. The bill shows that Fort delivered two bales of cotton to be credited on the note, and that the cotton had not been so credited. 4. The bill does not aver that Haynie had notice of the amount due and unpaid on the trust note when he made the purchase. 5. The bill shows that $153 12 has been paid on the note and that the bay mare is still subject to the deed in trust, and there is no averment that she is not worth the balance

due. 6. There is not enough due on the deed in trust to give a court of equity jurisdiction.

The demurrer was sustained, and this action of the court is assigned for error.

*Johnston & Johnston*, for plaintiffs in error.

*S. A. D. Steele*, for defendants in error.

SIMRALL, J.:

Isaac Champenois & Son filed their bill in chancery against Fort and Haynie for the purpose of enforcing a deed in trust, executed by Fort, to secure an indebtedness to them. They allege that they made advances to Fort to carry on a small farm, and took from him a promissory note of $200 and a deed in trust covering three bales of cotton and two hundred bushels of corn, to be grown in 1870, also upon one horse; that in the course of the year other advance to the amount of —— were made. Three bales of cotton, of that year's crop, were delivered to the complainants by Fort, with directions to apply the proceeds to the note, the complainants conceiving that they had a right to control the credit and appropriate it to the open account debt. The complainants further allege, that Fort and Haynie, combining to defeat them of the benefit of their security, attempted to accomplish it by means of a sale of the crop of cotton and corn by Fort to Haynie, with a view of putting the property beyond their reach.

The specific relief asked was a seizure of the effects, by a writ of sequestration, and a sale to pay their debt.

The bill was dismissed on the demurrer of the defendants. The correctness of that decision is the only question made in this court.

When a party is indebted on several accounts, and makes a payment, he has a right to direct its appropriation. In the absence of instructions, the creditors may apply it, at his election; or the circumstances may be such as themselves furnishing the rule as to what debt the credit shall be

placed. Poindexter v. La Roche et ux., 7 Smedes & Marsh. 713; Pattison v. Hull, 9 Cow. 747.

Fort had clearly the right to direct the proceeds of the three bales of cotton to be placed on the note. This would reduce the balance to less than $50. In this attitude of the case, it is contended by counsel for appellees, that the advances made subsequent to the execution of the note and deed in trust are not protected by it, and cannot be recovered in this suit. And, therefore, the demand of the complainant is below that sum, of which the chancery court can take jurisdiction.

The objection is predicated in art. 2, p. 540, of the Rev. Code of 1857. There the grant of plenary jurisdiction in "all matters of equity" is limited, by the proviso, "that the amount or value" in controversy shall exceed $50. The third section of the act of 1870, in relation to chancery courts, confers "full jurisdiction in all matters of equity * * * and of all matters properly cognizable in a court of equity," omitting the proviso of the Code. In England, the chancellor will not take cognizance of a matter under the sum or value of ten pounds. In this country, it has generally been limited by a minimum. But as the law stood in this state at the time this bill was filed, it would seem by design or casual omission, if the subject-matter afforded jurisdiction, that was all that was required in order to give the plaintiff that forum. Whether this be so or not, and upon this point we pronounce no decisive opinion, the amount claimed in the bill, and sought to be recovered, was about $200. That was the amount put in controversy by the suit, sufficient in any construction of the statutes to give jurisdiction. Elementary writers on equity law (Story, Mitford), lay it down, that it is beneath the dignity of the court to take cognizance of a trifling matter, as less than $50 in amount and value.

Because all the property included in the deed in trust was not seized under the writ of sequestration, does not affect the creditors' right; they could proceed against all

or a part of the effects covered by their lien. The fact that Fort had sold the cotton and corn to Haynie did not defeat or impair the claim of the creditors. If Haynie is a purchaser for value, in good faith, he might have his purchase protected by a cross-bill, pointing out other property embraced in the deed, still in the possession of Fort, ample to meet the debt. This would disclose an equity in his favor, to have such property so applied before resorting to that which he had purchased. But this does not furnish a ground of demurrer to the bill. Nor does the circumstance that the complainants preferred a claim for the subsequent advances, deprive them of a remedy for that part of their debt which is protected by the security. We are of opinion, therefore, that the chancellor erred in sustaining the demurrer. The decree of the chancery court is reversed, and judgment here overruling the demurrer, and cause remanded for plea, or answer within forty days from this date.