J. W. GAINES ET AL. *v.* A. J. KEETON.

LANDLORD AND TENANT.  *Lien for supplies.   Taking inconsistent security.   Waiver.
     Rights of purchaser.*
     Where a landlord, through an agent, furnishes supplies to his tenant, and,
     to secure payment, the agent, not resting upon the statutory lien, takes,
     in his own name, a trust-deed on the crops and other property of the
     tenant, his agency not being disclosed by the instrument, a purchaser in
     good faith from *sub-tenants* of their crops cannot be held liable on such
     claim for supplies.   Whether taking other security was a waiver of the
     statutory lien or not, on these facts, the landlord must, as against such
     purchaser, rely alone on his trust-deed, which cannot bind the crops of
     the sub-tenants.

FROM the chancery court of Lauderdale county.
HON. SYLVANUS EVANS, Chancellor.
Section 1301, code 1880, provides as follows:—
" Every lessor of land shall have a lien on all the agricultural
products of the leased premises, however and by whomsoever pro-
duced, to secure the payment of the rent, and the fair market value
of all advances made by him to his tenant, for supplies for the
tenant and others for whom he may contract, and for his business
carried on upon the leased premises; and this lien shall be para-
mount to all other liens, claims or demands of any kind upon
such products; and the claim of the lessor for supplies furnished
may be enforced in the same manner, and under the same circum-
stances, as his claim for rent may be; and all the provisions of
law, as to attachment for rent, and proceedings under it, shall be
applicable to a claim for supplies furnished."
     The appellants owned a plantation in Lauderdale county, Miss.,
which in 1886 was rented to John Witherspoon.   He had rented
the plantation for a number of years, and appellants had been in
the habit of furnishing him supplies to make crops.   J. W. Fewell,
the husband of one of the appellants, acted as their agent and
made advances of supplies to the tenant to enable him to cultivate
the plantation.   On the 12th day of December, 1885, he sold to
said John Witherspoon two horses and a wagon and harness, to be
used on said place, for the sum of $355, and for said sum he took

the note of the tenant, due October 1st, 1886, and also a trust-deed to secure the same, which deed was duly recorded, and by which the grantor conveyed said horses and wagon and other personal property owned by him, together with all crops to be raised by him on said plantation during the year 1886. Said trust-deed contained the usual power of sale, and it was also provided that it should be a security for any other indebtedness to become due said J. W. Fewell during said year, and advances were made thereunder to enable the tenant to cultivate the place, amounting to $406.88. He delivered eleven bales of cotton, the rent for 1886, but failed to deliver other products made on the plantation, and failed to pay the indebtedness secured by the trust-deed. Thereupon the personal property was sold by the trustee, and, after applying the proceeds, there was a balance due on said note and the account for supplies, amounting to $724.32.

Afterwards, on December 13, 1888, the bill in this case was filed by appellants against appellee, A. J. Keeton, alleging that he had received from the tenant a large amount of cotton and other agricultural products raised on said plantation during the year 1886, and the bill sought to recover the value of the same from him, alleging that he had full notice of complainants' rights. As the amount and value of the cotton alleged to have been received by defendant were unknown, complainants asked discovery as to this.

A demurrer to the bill was overruled and defendant answered. On final hearing the bill was dismissed. Thereupon complainants presented this appeal.

The facts above stated were shown, and it was also shown that the defendant was a merchant, having a store about one mile from the plantation. He knew that appellants were the owners of said plantation and that Witherspoon was their tenant, and that certain cotton and corn received by him in the fall of 1886 were raised on said place, but he did not know and did not inquire whether anything was due appellant on account of supplies.

It was shown that Witherspoon sub-rented a portion of the place, in 1886, to Henry Brown and others, for five bales of cotton, and

these parties paid to him their rent in full.   In the spring of 1886, the sub-tenants, being unable to cultivate the land without advances, obtained supplies from the defendant, Keeton, and, to secure payment for the same, on March 20, 1886, they executed to him a trust-deed on the crops to be raised by them on the land so rented, and in the fall, after paying their rent to Witherspoon, they sold and delivered to Keeton, in payment of their trust-deed and supply bills, certain products raised by them and covered by said trust-deed.   Keeton received no other products raised on the place, and none whatever raised by John Witherspoon.   In his answer and in his deposition, the defendant denied notice of the fact that Witherspoon was supplied by the appellants or Fewell.

The defendant raised some controversy as to whether Fewell took the trust-deed and advanced the supplies individually, or as agent for the owners of the plantation ; but, in view of the opinion of the court, it is not deemed necessary to state the facts as to this. The opinion contains a further statement of the case.

*Miller & Baskin,* for appellants.

Under § 1301 of the code, the landlord has a lien that is paramount to all others to secure the payment of supplies as well as rent.   The giving of this lien is a restriction upon the power of the tenant to defeat the rights of the landlord.   *Buck* v. *Paine,* 50 Miss. 648 ; *Buck* v. *Payne,* 52 Ib. 277 ; *Fitzgerald* v. *Fowlkes,* 60 Miss. 270.

A purchaser who knows that a landlord has a lien at one time is bound to see that it is discharged.   *Dunn* v. *Kelly,* 57 Miss. 825.

He must, at his peril, inform himself of the terms of the tenant's contract.   *Buck* v. *Payne, supra.*   To the same effect, see *Cohn* v. *Smith,* 64 Miss. 816.

The latest utterance by this court is in *Bank of Greenville* v. *Newman,* 66 Miss. 323.   It is true that the question was as to the landlord's claim for rent, but the law makes no distinction between rent and supplies ; nor can there be any reason for distinction. While we admit that there has been some difference of opinion

among the judges on the question of the landlord's lien, the difference has always been as to the *remedy*, and not as to the lien itself or its dignity.

We submit that the evidence shows a clear case of liability on the part of the defendant.

*Witherspoon & Witherspoon*, for appellee.

1. Complainants were not entitled to relief under their trust-deed for three reasons : (1) The grantor, John Witherspoon, had no interest in the products received by Keeton ; hence he could not encumber the same. The sub-tenants were the owners of the cotton, and, having paid their rent, could dispose of it as they saw proper. (2) The trust-deed was given to J. W. Fewell, to secure an indebtedness which the tenant owed him and not the landlords. (3) The appellee purchased the cotton in good faith for value without any notice of the trust-deed. He had no constructive notice, because the record of the deed was only notice to purchasers from the *grantor*, and he did not purchase from Witherspoon.

2. So far as complainants rely upon the landlord's lien, they could not recover for these reasons : (1) They did not furnish supplies, and therefore had no landlord's lien. The supplies were furnished by J. W. Fewell, a stranger. (2) This was simply a suit in equity for the value of the cotton and the court had no jurisdiction. If appellants have any right at all it is a legal right, enforceable in a court of law. (3) If complainants ever had a landlord's lien, it was waived by taking the trust-deed. The two liens are inconsistent and cannot both be applied as security for the same debt. Overton on Liens, §§ 9, 28, 137, 209, 531, 574 ; *Randel* v. *Brown*, 2 How. (U. S.) 406 ; *Parberry* v. *Johnson*, 51 Miss. 291 ; *Buck* v. *Payne*, 52 Ib. 271. (4) Appellee was ignorant of appellants' claim when he took his trust-deed and furnished the supplies, and when he got the cotton ; he is therefore a *bona fide* purchaser.

COOPER, J., delivered the opinion of the court.

If the correctness of the propositions of law argued by counsel for complainants be conceded, we think the decree of the chancellor

should, nevertheless, be affirmed.   Not content to rest the security of their demand against their tenant upon the provisions of law by which a lien was given, they carved out and required another and apparently inconsistent security, which, on its face, secured a trust-deed to a third person, whose agency for the landlords was not disclosed by the instrument.

It is not necessary for the decision of the present controversy to hold, as do some courts, that the mere taking of other security is a waiver of the statutory lien.   We confine our decision to the reason that the parties have so dealt in reference to the subject-matter of the lien that they ought not, as against third persons who have purchased the property in good faith, to be permitted to repudiate the security selected by their agent to secure a debt professedly due to him, and resort to the lien secured by law to themselves as landlords.   As against third persons, at least, we think complainants must be confined to the security of the deed of trust.   *Goble* v. *Gale*, 41 Am. Dec. 219.   As between complainants claiming under the deed of trust, executed by the principal tenant, and the defendant claiming by purchase from the sub-tenants, owners of the property, the defendant's right is superior.   The tenants of complainants could not, by mortgage, incumber the crop of others, even though grown upon the leased lands.

*The decree is affirmed.*