# W. C. ELLIS *v.* D. H. JONES, AGENT.

1. LETTER OF GUARANTY. *Debts to be created. Acceptance.*

   One who writes to another that he will be responsible for advances to be made in reasonable amounts to his tenants, is entitled to notice, within a reasonable time, that the offered guaranty is accepted. If it is not given, he will not be bound thereon. *Williams* v. *Staton,* 5 Smed. & M., 347; *Montgomery* v. *Kellogg,* 43 Miss., 486.

2. LANDLORD'S LIEN. *Supplies advanced by another. Guaranty.*

   Under § 1301, code 1880, giving a landlord a lien on crops for advances made by him to his tenant for supplies, the lien does not exist if the landlord does not, either directly or through another, make the advances, but merely guarantees payment for supplies advanced to the tenant by another. To support such lien, the relation of creditor and debtor must exist between the landlord and tenant.

FROM the circuit court of Rankin county.

HON. A. G. MAYERS, Judge.

This action was brought by D. H. Jones, as agent for his wife, Emma Jones, to recover of W. C. Ellis $129.79, the value of certain agricultural products grown upon her land, and upon which she claimed, under § 1301, code 1880, a lien to that amount for supplies, which products had been purchased by Ellis. The evidence is sufficiently stated in the opinion. There was a peremptory instruction for plaintiff. Judgment accordingly, and defendant appeals.

*J. R. Enochs,* for appellant.

The supplies were not furnished by plaintiff through the firm of D. H. & H. Jones. There was no agreement between plaintiff and Williams, the tenant, that supplies were to be thus furnished. On the contrary, Williams knew nothing of the arrangement between plaintiff and said firm. The debt was that of the tenant to said firm. Plaintiff merely became responsible for its payment, and, after suit begun, the account against Williams was charged to plaintiff's account. Under such circumstances, I submit no lien arose. *Clanton* v. *Eaton,* 8 So. Rep. (Ala.), 823.

It was error to exclude the trust-deed. If it be true that D. H. & H. Jones advanced the supplies as agent for plaintiff, taking the trust-deed was a waiver of the landlord's lien. *Gaines* v. *Keeton,* 68 Miss., 473.

*Williamson & Potter,* for appellee.

It is unquestioned that plaintiff was the landlord; that the crops were grown on the land rented by her to Williams; that he owed her for rent and supplies, and that Ellis appropriated the crops, knowing that Williams was such tenant, and owed for the rent and supplies. In such case, Ellis is clearly liable for the value of the crops so purchased. *Cohn* v. *Smith,* 64 Miss., 816; *Newman* v. *Bank,* 66 *Ib.,* 323; *Dunn* v. *Kelly,* 57 *Ib.,* 825.

The agreement at the outset was that Mrs. Jones was to furnish supplies as landlord, and they were so furnished, as the tenant testifies.

The trust-deed was properly executed. D. H. & H. Jones were not the agents of plaintiff. The land was not leased by them. They are making no claim under the trust-deed. They furnished the supplies on the order of Mrs. Jones, for which she had to pay whether the tenant paid or not. The facts are not like those in *Gaines* v. *Keeton*, 68 Miss., 473.

COOPER, J., delivered the opinion of the court.

The peremptory instruction given for the plaintiff should have been refused, and that asked by the defendant should have been given.

There is no evidence that the plaintiff ever advanced any supplies to her tenant, Lee Williams.

The evidence is that the firm of D. H. & H. Jones, of which her husband was a member, advanced supplies to Williams, taking as security a deed of trust on his crop and other property, and, after this suit had been instituted, charged to Mrs. Jones the amount of Williams' account. Mrs. Jones, on January 1, 1891, wrote to D. H. & H. Jones that "if any of the tenants, croppers or laborers on any of my places in Hinds or Rankin counties, who may desire supplies for the year 1891, please furnish them in a reasonable quantity, and I will be responsible for the same." At most, this was a letter of guaranty in reference to debts to be contracted by the tenants in indefinite amounts, and she was entitled to notice of its acceptance within a reasonable time, without which she was not bound. *Williams* v. *Staton*, 5 S. & M., 347; *Montgomery* v. *Kellogg*, 43 Miss., 486.

There is no evidence that Mrs. Jones had any notice that her guaranty had been accepted by D. H. & H. Jones until after this suit had been brought.

But, if notice had been given, and Mrs. Jones' liability fixed for the debts contracted by the tenants, she would not

have had a lien as landlord for the supplies advanced. The statute, code 1880, § 1301, provides that " every lessor of land shall have a lien on all the agricultural products of the leased premises, however and by whomsoever produced, to secure the payment of the rent, and the fair market value of all advances made by him to his tenant for supplies for the tenant and others for whom he may contract, and for his business carried on upon the leased premises."

The lien given by the statute for supplies is to secure a debt due to the landlord, and the existence of such debt is necessary to the existence of the lien. Neither the letter nor spirit of the statute warrants its application to debts due by the tenant to third persons, even though the landlord be liable as surety or guarantor for the tenant. The landlord here was not creditor to the tenant. She was, if any thing, debtor with the tenant to D. H. & H. Jones. These creditors had secured from the tenant a deed of trust upon his crop and other property, and, upon payment of the tenant's debt by Mrs. Jones, the guarantor, she, upon familiar principles, was subrogated to the security held by the creditors against the principal debtor. But she does not, in this suit, endeavor to enforce the security thus obtained. Upon her objection, the court excluded evidence of its existence when offered, and permitted a recovery by the plaintiff as landlord enforcing a right which can only arise from the existence of the lien given by § 1301 of the code.

We do not decide that the lien exists only when the landlord deals directly with the tenant. If the landlord makes advances through a third person to the tenant, we see no reason why the lien should not exist; but, in any event, the circumstances must be such as to create a debt due from the tenant to the landlord. It is not sufficient that the tenant and landlord be indebted to such third person.

The court did not err in excluding as evidence the deed of trust executed by Williams, the tenant, to D. H. & H. Jones. If the plaintiff had sought recovery upon the theory that D.

H. & H. Jones had made the advances as her agent, the excluded evidence would have been competent, and would have brought the case within the principle of the decision in *Gaines* v. *Keeton,* 68 Miss., 473 ; but, as we interpret the proceedings, the plaintiff contended, and the court ruled, that . Mrs. Jones was entitled to maintain the suit, because she was liable, as guarantor, for the debt due by the tenant to D. H. & H. Jones for supplies advanced by them. Under such circumstances, the landlord has no lien.

*The judgment is reversed, and cause remanded.*