## CARBERRY v. HOWELL.

[75 South. 383, Division B.]

1. PAYMENTS. *Right to make application.*

Where a tenant from the proceeds of his crop makes a payment to his landlord and at the time of such payment requests that such payment be applied to his rent note, it will be regarded as so applied, although the landlord attempted to apply it on the tenant's note to a third party on which the landlord was surety.

2. LANDLORD AND TENANT. *Lien for rent. Requisites.*

Where the note of a tenant to a third party on which the landlord was surety, was assigned to the landlord after the tenant's crop was harvested, the landlord did not have a lien on such crop to secure the payment of such note.

APPEAL from the circuit court of Monroe county.

HON. CLAUDE CLAYTON, Judge.

Suit by Mrs. James Carberry, administratrix, against J. A. Howell. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Paine & Paine,* for appellant.

As to the application of the thirty-nine dollar payment. If appellant's contention is correct and the payment was rightfully made upon the supply note, then there can be no doubt but that at the time the suit was instituted that there was a balance due on rent and the case should have gone to the jury as it is admitted that appellee got the tenant's cotton with notice that there was a balance due on the rent note.

We therefore respectfully submit that the credit was placed on the right note and that Skelton stood by and saw it done and made no objection and that he can't make objection at this late date in order to protect the appellee.

As to whether or not the fifty-four dollar note was supplies. If the fifty-four dollar note was for supplies then of course Carberry had a lien on this cotton that was converted by the appellee and the court should have permitted the case to go to the jury on this proposition; regardless as to how the court may think the credit of thirty-nine dollars should have been placed.

Mrs. Carberry on page 12 testified that the fifty-four dollars was for supplies because she says Mr. Carberry, his landlord, furnished him the money. See record page 39. It is true that Brown actually furnished the money to Carberry but it is also true that Carberry had to execute the note and borrow the money himself and Skelton admitted that he owed the money to Carberry. Carberry didn't have that much cash on hand and he was compelled to borrow it from the bank to furnish his tenant, Skelton. And we submit that it makes no difference as to how Carberry got the money or from whom he got it, provided he advanced the money to Skelton as supplies and that Skelton owed the money to Carberry; and it can make no difference that the tenant also executed the note with Carberry, as in fact Carberry furnished the money to the tenant and paid the note off himself and it was transferred to him long before the suit was instituted and before the expiration of 1914 and the tenant recognized that he owed the balance to Mr. Carberry. See *Ellis* v. *Jones, Agt.,* 70 Miss. 60.

We respectfully submit that the case should have been permitted to have gone to the jury and the peremptory instruction should not have been granted; under the law as announced in the case of *Railroad Co.* v. *H. K. Boehms,* 70 Miss. 11, *McGaughn* v. *Young,* 37 S. R. 839.

From the latter case we quote the following from the first syllabi: "A peremptory instruction is proper only where, admitting all the facts in evidence and every

inference from them they fail to maintain the issue; and, upon a review of the giving of a peremptory instruction, the losing party is entitled to have all of the facts considered in his favor as true.''

This court has time and again sanctioned and reaffirmed the law as announced in the two cases *ubri supra.*

We therefore respectfully submit that the lower court erred in granting the peremptory instruction and that the cause should be reversed and remanded.

*D. W. Houston, Sr., & Jr.,* for appellee.

We contend, that the landlord's lien has been released by a full payment by Skelton to his landlord, Carberry, of all money due for rent and supplies for which a landlord's lien could have been claimed. If it was not released we have argued above it was paid; and that therefore, the cotton received by Howell, or the proceeds thereof, could not be subject to any claim of a landlord's lien; or Howell required to refund to Carberry the proceeds of such cotton.

Counsel in their earnest zeal labor to make this fifty-four dollar note a note for supplies; but the note being made payable to Brown and signed by Skelton with Carberry as surety with the above notation thereon—"For cash this day loaned to R. D. Skelton"—shows conclusively, even leaving out of view the testimony of Mrs. Carberry and Skelton corroborating it, that it was an independent obligation on the part of Skelton, who was primarily liable, with Carberry as his surety, who was only secondarily liable to pay to Brown a specific sum of money; and that therefore this was not such supplies as is contemplated under our landlord's lien statute as would subject the cotton received by Howell, or the proceeds thereof, to the payment of same—as was decided in the case of *Ellis* v. *Jones,* 70 Miss. 60.

In that case, the court said on page 63: "The lien given by the statute for supplies is to secure a debt due to a landlord, and the existence of such a debt is necessary to the existence of the lien. Neither the letter nor the spirit of the statute warrants its application to debts due by the tenant to third persons, even though the landlord is liable as surety or grantor for the tenant."

It is manifest to us that the language of the court quoted above should forever set to rest the contention of counsel that the debt evidenced by the note of Carberry and Skelton to Brown was a debt of Skelton to Carberry; and such a debt as would support a landlord's lien in favor of Carberry against a third person to subject agricultural products, or the proceeds thereof, to the payment of said note. At best Carberry was a mere surety of Skelton to Brown, and we must confess that we are at a loss to understand counsel's idea in citing this case—other than they knew we certainly would, as we did in the court below, and its effect might be somewhat weakened by them citing it first.

If we are right in our contention that this fifty-four dollar note executed—not to the landlord Carberry, but to a third person, Brown, by Skelton, the tenant, with Carberry as surety, is not to be considered, such supplies as is contemplated by our landlord's lien statute, then by the process of a simple addition and subtraction, we find that the full amount of rent and supplies advanced by Carberry to his tenant, Skelton, have been fully paid off, and therefore Carberry, or appellant here, could have no claim against Howell, the appellee.

STEVENS, J., delivered the opinion of the court.

Appellant, as the administratrix of the estate of her deceased husband, instituted this suit against appellee, as defendant in the court below, to recover the value

of one whole bale and a remnant of a bale of cotton purchased by the defendant from one R. L. Skelton, tenant of James Carberry, appellant's husband, and applied by appellee upon a deed of trust held by him against the tenant. Appellant sues to recover a balance of sixty-five dollars and sixty-five cents, claimed to be for rent and supplies. On the trial of the case in the circuit court there was a motion by the defendant to exclude the plaintiff's testimony and direct a verdict for the defendant. This motion was by the court sustained, and from the judgment entered in pursuance of this ruling, appellant prosecutes this appeal.

The opposing contentions of counsel arise chiefly from their disagreement as to what the testimony really proves. As we understand the testimony, the tenant, Skelton, executed a rent note for one hundred dollars in favor of Mr. Carberry, and Carberry afterwards advanced four dollars worth of supplies purchased by the tenant at Mr. Sanders' store. In addition to these obligations, on March 21, 1914, Skelton executed a promissory note in favor of one Andrew J. Brown, or bearer, for fifty-four dollars, and to enable Skelton to borrow this money, the landlord, Mr. Carberry, executed the note as a surety. The note has this notation: "For cash this day loaned to R. L. Skelton." When the tenant had harvested a portion of his cotton crop for the year 1914, he, with the consent of the landlord, sold the greater portion of the cotton and took the proceeds to be delivered over to the landlord and applied to the indebtedness due by the tenant to the landlord. The proof shows that Skelton paid Carberry sixty-two dollars at one time and thirty-nine dollars at another. Mr. Carberry applied the thirty-nine dollar payment upon the Brown note instead of upon the rent note, but the uncontradicted proof of the tenant is that in making the payment he requested that it be applied to the rent note. He says:

"I asked him to let me finish paying the rent note out of the bale of cotton."

The thirty-nine dollar credit was entered on the A. J. Brown note November 23, 1914, and on December 21st thereafter Mr. Brown assigned this note without recourse to Mr. Carberry. As we understand the proof, then, the tenant exercised his right of demanding an application of the payment upon the rent note, and if he made the request at the time of the payment, it follows that the thirty-nine dollars should be treated by the court as having been applied to the original rent note, and, if so applied, the rent is satisfied and the plaintiff is left with simply a monetary demand, evidenced by the assigned Brown note. There is evidence that the rent was reduced from one hundred dollars to ninety dollars; that Carberry agreed "to knock off ten dollars on the rent, making it ninety dollars." This testimony comes from the plaintiff's own witness, and she, of course, is bound by it. We do not think the landlord had any lien for the debt evidenced by the A. J. Brown note. This note was introduced in evidence, and shows conclusively that Mr. Brown advanced the money, and that Carberry, the landlord, was only liable as a surety of the tenant. The case, then, falls within the principle announced by our court in *Ellis* v. *Jones,* 70 Miss. 60, 11 So. 566. Before there is any lien for the proceeds of the Brown note, the relationship of debtor and creditor should exist between Skelton, the tenant, and Carberry, the landlord. The note itself shows that Brown was the creditor, and that the note was not assigned to the landlord until after the crop had been made and harvested. The statute itself places landlords in a favored class, and is most liberal in its terms, and there is no occasion for the court, by interpretation to enlarge upon its provisions and to further safeguard the claims of a class already so well cared for by the literal terms of the statute.

*Affirmed.*