## MOAK *v.* MOAK.[*]

(Division A.   March 26, 1928.)

[116 So. 286.   No. 27046.]

---

*Corpus Juris-Cyc. References: Justices of the Peace, 35CJ, p. 640, n. 17; Landlord and Tenant, 36CJ, p. 495, n. 3; p. 497, n. 32.

*Jas. F. Noble,* for appellant.

*Naul & Yawn,* for appellee.

SMITH, C. J.  The appellant was a tenant on the appellee's farm, and this proceeding was begun in the court of a justice of the peace for the purpose of subjecting certain products raised on the farm by the appellant to a lien claimed by the appellee for supplies furnished the appellant.  The case, in due course, reached the court below, where a judgment was rendered for the landlord, who is the appellee here.

When the case comes on for trial in the justice of the peace court, the appellee's attorney, who seems not to have been in the case prior to that time, discovered that the affidavit by which the proceeding was begun was not based on the landlord and tenant statute, but on the statute permitting an attachment for debt, and that the writ under which the constable had levied on the agricultural products conformed thereto.  This attorney then obtained permission from the justice of the peace to substitute a proper affidavit and writ based on the landlord and tenant statute, and, when this substitution was made, the case was continued to a later day.  The tenant then executed a bond for the property which was then in the hands of the constable, and the case thereafter proceeded in accordance with the procedure for the enforcement of a landlord's lien.

When the case came on for trial in the court below to which it had been appealed from the justice of the peace court, the appellant moved the court to quash the affidavit and writ and dismiss the proceeding, for the reason that the justice of the peace was without power to permit the proceeding to be converted from an attachment for debt into a proceeding for the enforcement of a landlord's lien.  This motion was overruled.

When the case came on for trial before the justice of the peace, the appellant had the right to dismiss the attachment for debt and to begin a new proceeding under the landlord and tenant statute, and this was what he in effect did by substituting an affidavit for an attachment for the supplies furnished his tenant for the one he had formerly made for an attachment for debt. The motion to quash and dismiss was therefore properly overruled.

The debt which the appellee here seeks to recover is money paid by him to a physician who had attended members of the appellant's family. The appellee had a general arrangement with a physician to render medical services to all his tenants, when called on by them so to do, and to charge his fees therefor direct to the appellee. This physician admittedly rendered the services here in question to the appellant, and, according to the evidence for the appellee, which the appellant denied, pursuant to permission given to the appellant by the appellee to call on the physician therefor.

The affidavit by which the landlord and tenant proceeding was begun alleges that the appellant is indebted to the appellee "in the sum of sixty-three dollars, balance due Dr. R. R. Welch for services rendered by him during the year 1926, for which the said R. E. Moak became responsible and paid Dr. R. R. Welch . . . which the said M. Z. Moak has failed, refused, and neglected to pay," etc. Several times, while testifying in his own behalf, the appellant stated that he "stood for" the doctor's bill.

One of the contentions of the appellant is that the appellee's claim does not come within the provisions of section 2832, Code of 1906 (section 2492, Hemingway's 1927 Code), for the reason that the appellee did not, himself, furnish the supplies here sought to be recovered, but merely guaranteed "payment for supplies advanced by another." It is clear from the whole evidence that the appellee did not merely guarantee payment to Dr.

Welch for services rendered by Dr. Welch to his tenants, but that his promise to Dr. Welch was to pay for such services himself, the fees for which were to be, and were, in fact, charged by Dr. Welch direct to him. The advances, therefore, were here made by the landlord to the tenant through a third person, and advances so made are secured by the lien provided by section 2832, Code of 1906 (section 2492, Hemingway's 1927 Code). *Ellis* v. *Jones,* 70 Miss. 60, 11 So. 566.

The remaining question for decision is: Are fees for medical services rendered a tenant and his family advances made to a tenant within the meaning of the statute? The statute provides that:

"Every lessor of land shall have a lien on the agricultural products of the leased premises, . . . to secure the payment of the rent and of money advanced to the tenant, and the fair market value of all advances made by him to his tenant for supplies for the tenant and others for whom he may contract, and for his business carried on upon the leased premises." Code 1906, section 2832 (Hemingway's Code 1927, section 2492).

Without intending to frame a definition of the term "advances . . . for supplies," etc., as used in this statute, that will be all inclusive and exclusive, it can be safely said that the term embraces, as the Alabama statute (Code 1923, section 8799) expressly provides, everything "of value, 'for the use, sustenance or well being of the tenant or his family, for preparing the ground for cultivation, or for cultivating, gathering, saving, handling, or preparing the crop for market.' " *Cockburn* v. *Watkins,* 76 Ala. 486.

Good health on the part of a tenant and members of his family is necessary for the proper carrying on of the work which the tenant's lease contemplates he shall do, in planting, cultivating, and marketing of the crop to be raised by him, for the attainment of which the services of a physician are always proper, and sometimes neces-

sary. Such services, therefore, are within the provision of the statute.

*Affirmed.*