AARONSON *v.* McGOWAN.

(Division A. April 25, 1938.)

[180 So. 738. No. 33178.]

Shands, Elmore, Hallam & Causey, of Cleveland, and Marcus L. Kaufman, of Rosedale, for appellant.

**Sillers & Roberts**, of Rosedale, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Aaronson, the appellant, brought an action at law in the circuit court of Bolivar county against McGowan, the appellee, to recover a balance claimed to be due on a note, interest, and attorney's fees; copy of the note being exhibited therein. The appellee pleaded the general issue and payment of the note, and notice thereunder, exhibiting with the notice a copy of the check.

On the trial of the case the court heard the evidence of Aaronson, and his contention that the check in question had been accepted by him without his seeing a certain memorandum thereon, and that certain admissions had been made by the appellee some years later, when the parties attempted to adjust their differences.

The note sued upon with credits thereon, is as follows:
"$2900.00

"For value received, on the 1st day of November, 1931, I promise to pay to M. Aaronson, or Bearer, Twenty-nine Hundred and no/100 Dollars, and interest thereon at the rate of 6 per cent per annum from maturity until paid, payable annually, with ten per cent attorney's fees upon both principal and interest, if this note be placed in the hands of an attorney for collection. This note is for rent on H. B. Walton Plantation in Bolivar County, Mississippi, for the year 1931. Demand, Presentment, Notice and Protest waived and payment guaranteed. Negotiable and payable at Valley Bank, Rosedale, Miss.

"[Signed.] H. H. McGowan.

"Endorsed on back: Sept. 24, 1931, Received $1,000.00, One Thousand Dollars, balance due $1900.00.

"M. Aaronson."

The check claimed to have been delivered to Aaronson by McGowan in payment of that note is as follows: "Beulah, Miss. Oct. 24, 1931. Bank of Beulah 85-275. Pay to the order of M. Aaronson, $2,900.00, Twenty-nine Hundred and no/100 Dollars. For rent Walton Place 1931. (Signed) H. H. McGowan. Ennis Tag Co., Ennis,

Texas. (Bank of Beulah Paid Nov. 21, 1931, Beulah, Miss.) (Endorsed on back) M. Aaronson."

McGowan testified that he delivered the check to Aaronson in the latter's store about a week before it was due, with the following statement to him, "I told him I wanted to pay my 1931 rent note, presented a check to him," and handed him the check; that Aaronson told him (McGowan) that he had misplaced that note. On cross-examination McGowan denied that he owed any balance on the 1930 rent. His bookkeeper testified that it was his custom to enter on checks for large amounts a memorandum to disclose the purpose for which the check was issue, and that the memorandum on the check, "For rent Walton Place 1931," was made thereon by him with a typewriter, on the day of its date.

Aaronson testified that he leased his Walton place to McGowan, taking notes for the annual rental of $2,900, due November 1st for each of the years 1929, 1930, and 1931; that McGowan paid the rent for 1929, and that for 1930 McGowan only paid $1,000 on the rent note, leaving a balance due of $1,900; that McGowan came to his store and handed him the check in question, stating that it was in payment of the rent; that he did not recall seeing the words, "Rent Walton Place 1931," on the check —he did not scrutinize the check, but placed it in his pocket, and they talked of other matters; he did not think to look at the check at all. His recollection of what occurred is as follows: "He (McGowan) just handed me; says, this is the check for the rent." Aaronson credited $1,900 of the proceeds of the check, which he admits he indorsed, as in payment of the balance due on the 1930 note, crediting the remainder of $1,000 on the 1931 note. He denied that he told McGowan he had misplaced the 1931 note; he retained the 1930 and 1931 notes to the date of this trial, not delivering either note to McGowan.

Aaronson further testified that in 1936, at a time when McGowan owed him, according to his contention, $1,900, balance on either the 1930 or 1931 note, and the rent for

the year 1932, just after the compromise, details of which it is unnecessary to set forth, McGowan did not then dispute that he owed him a balance of $1,900 on the 1931 rent note. The amount at this time agreed upon in settlement of the entire controversy was less than $1,900. But on the cross-examination with reference to the 1936 incident, this question was asked:

"And the controversy that you all were having then was for the amount that you claimed was due for the rent, for the years 1930, 1931, 1932—isn't that a fact, for those three years, and this amount that he was to pay you would be in full settlement of all of that liability? A. Well, I don't know—

"Q. Nothing was said? A. About what it was paid; but just payment for what he owed me.

"Q. I see; payment for what he owed you? A. He was talking about the $1,900.00. I had paper on it; but the other, I had no paper on it, but I had something to show for it. Well I didn't have anything to show for 1932.

"Q. But any settlement that you all made would have been in settlement of all the controversy between you and Mr. McGowan? A. Yes, sir."

At the conclusion of the evidence for the appellant the court sustained a motion to exclude it, and directed the jury to return a verdict for the appellee, which was done, and judgment was entered accordingly.

In this state there is no question of the right of the debtor, upon payment of money to his creditor, to determine how that payment shall be applied. See Carberry v. Howell, 114 Miss. 549, 75 So. 383; Champenois v. Fort et al., 45 Miss. 355; Crisler v. McCoy, Adm'r, 33 Miss. 445; Baine v. Williams, 10 Smedes & M. 113. It is indeed difficult to conceive how a debtor could more specifically have directed a payment on his debt than is to be found in the method adopted by McGowan in the case at bar. He gave Aaronson a check for the amount of the rent note due for the year 1931, in the sum of $2,900;

and entered on the check above his signature, "For rent Walton Place 1931," payable to M. Aaronson. The check was indorsed on the back, "M. Aaronson"; this made a complete written memorandum, equivalent to a contract between the parties, that Aaronson would so apply the payment. See Bay v. Shrader, 50 Miss. 326; 7 Am. Juris. 816.

Whether, when the check was tendered, McGowan used the words, "Here is a check for the rent," or, as he testified, "Here is a check for the rent for the year 1931," is in our opinion of no moment, and not worthy of consideration. The fact that Aaronson testified that he did not see the notation on the check—that he did not scrutinize the check—is of no consequence. There was nothing in the action, or in the language which he attributed to McGowan, to indicate any fraud, scheme, or mistake, or that McGowan in any manner whatsoever misled him. Fornea v. Goodyear Yellow Pine Co., Miss., 178 So. 914, and authorities there cited.

Applying the parol evidence rule to the admission of his evidence in so far as it affected the written contract, the contract was complete when Aaronson agreed thereto by indorsing this check. If, in truth, he did not read the check, it was his own negligence, of which he cannot now avail himself. If McGowan only said to him, "This is a check for the rent," one would ordinarily understand that it was a payment on that which was due or about to become due, especially in dealings between landlord and tenant. But the written memorandum on the check, as to which there is no issue of fact in this record, we think is conclusive, and cannot be varied by parol evidence, which rule applies here in all its rigor. If McGowan had written a letter to Aaronson, telling him that he desired the check for $2,900 to be applied to the note for rent for that year, he could not have made it any plainer than by making the memorandum on the check. When Aaronson indorsed this check, with or without reading it, it became binding upon him, as notice to him that the debtor

had directed the application of the payment on the 1931 rent note.

As to the alleged admissions made in 1936, in the effort to settle, we need only consider that McGowan was trying to effectuate a settlement for the 1932 rent, amounting to $2,900, and $1,900 balance on the 1930 note, or the 1931 note. We do not think the evidence for Aaronson, especially when elaborated on cross-examination, shows any admission, except such as would follow from any effort by parties to compromise their differences. The evidence in regard to the offer to compromise was incompetent, and does not alter the situation. See 22 C. J. 308; Atlantic Life Ins. Co. v. Serio, 171 Miss. 726, 157 So. 474; Shell Petroleum Corporation v. Eagle Lumber & Supply Co., 171 Miss. 539, 158 So. 331; Federal Land Bank of New Orleans v. Robinson, 160 Miss. 546, 134 So. 180; Houston v. Keith, 100 Miss. 83, 56 So. 336.

The statement attributed to McGowan in the so-called admission, as detailed above, was, in fact, a mere conclusion, and not a statement of a fact.

We think no error was committed in the court below. Affirmed.